MITCHELL vs. BORDEN.

In *slander*, for charging the plaintiff with having sworn false, if the defendant intends to justify under a notice subjoined to his plea, be must give notice that he will prove not only that the defendant *sworn false*, but that he swore *wilfully* or *corruptly* false.

Where evidence of justification is objected to on the ground of the insufficiency of the notice, and excluded, the defendant is not allowed to comment to the jury upon such objection.

ERROR from the Oneida common pleas. Borden sued Mitchell in *slander*, for charging him with having sworn false on the trial of a cause in which one Wynkoop was plaintiff and Mitchell defendant. The defendant pleaded the general issue, and gave notice that on the trial of the cause he would prove that Borden, being called as a witness, was objected to as interested, and was sworn on his *voire dire*, and stated that he was not interested in the event of the suit, that he was not a party to a certain contract for the hewing of timber on which the suit in question was brought, and labored as a hired

man for others in hewing the timber ; *whereas*, in truth and in fact, he was interested in the event of the suit, was a party to the contract, and did not work as a hired man for others while hewing the timber ; and also, that he would prove that on the trial of the said cause, the quantity and quality of the timber hewn, and the manner of performance, became material enquiries, and that Borden testified that the quantity stipulated for was got out, and that none of the timber was less than seven inches square ; *whereas*, in truth and in fact, the quantity agreed for was not got out, and some of the timber was less than seven inches square. After the plaintiff had given proof in support of his declaration and had rested, the defendant offered to prove the truth of the words spoken, and that the evidence given by Borden was false in the particulars specified in the notice. The plaintiff objected to the evidence, insisting that the notice was defective in form and substance, and was not a notice of justification ; the court sustained the objection. In addressing the jury, the counsel for the defendant was about commenting upon the objection of the plaintiff to the evidence of justification, when the counsel for the plaintiff objected to such comments, and the court sustained the objection, ruling that the objection to the proof in justification was not a proper subject of comment. The defendant excepted, and sued out a writ of error.

*J. A. Spencer*, for plaintiff in error. The notice was sufficient to authorize the proof; the object of allowing a notice is to dispense with form ; if the substance of the matters intended to be relied on in defence is stated, it is enough ; notice by a defendant that he would insist upon the statute of limitations would be good without stating that he did not promise, or that the action did not accrue within six years, &c. ; so notice that he would justify under process of a justice of the peace would be good without alleging jurisdiction in the justice. The notice here was as definite as an indictment for perjury, and the plaintiff could not fail of understanding its object. The court also erred in prohibiting the comments of counsel upon the objection of the plaintiff to the

introduction of the proof; it was a fair and legitimate subject of comment.

*H. Denio*, for defendant in error. The court correctly ex-cluded the proof; the notice did not apprize the plaintiff that the defendant intended to prove that the plaintiff had been guilty of *perjury*; it might well be that the plaintiff in giving his testimony, had been laboring under a *mistake*, and though his testimony might have been false, still if it was not corrupt-ly false, the defendant was not justified in imputing the crime of perjury. The decision of this court in *Shepard* v. *Merrill*, 13 Johns. R. 475, supports the decision of the common pleas ; it is directly in point, lays down a clear and salutary rule, and ought not to be disturbed. As to the second ground of error, if the testimony offered was correctly excluded, the objection to its admission ought not to prejudice the plaintiff.

*By the Court*, SUTHERLAND, J. The decision of the court below in excluding the evidence offered, was in precise accord-ance with the principle settled by this court in *Shepard* v. *Mer-ril*, 13 Johns. R. 475. If the matter contained in the notice had been put in the form of a plea, it would most obviously have been bad upon general demurrer ; it simply alleges that the facts sworn to by the defendant were not true, but con-tains no allegation or intimation that such falsehood was wil-ful or corrupt; for aught that is disclosed or averred in the no-tice, it may have been an unintentional and innocent mistake on the part of the plaintiff. There is no hardship in compel-ling a defendant when he means to justify slanderous words, to say so in clear and unequivocal terms. The rule adopted in the case referred to, affords a test of easy and universal ap-plication, and it would be unwise to unsettle it and substitute the vague inquiry whether the opposite party was or was not, in all probability, actually apprised of what the defendant in-tended by it.

On the second ground excepted to, it is equally clear the court were correct.

Judgment affirmed.