## FOWLER vs. COLTON.

1. NOTICE OF SPECIAL MATTER. A notice of special matter to be given in evidence, filed with the plea of general issue, must contain all the substantial matter of a special plea. In actions upon contracts it is suficient if it contains such a statement of special matter as will prevent the plaintiff from being taken by surprise at the trial; but in actions of slander, the notice of special matter in justification must be as precise and certain as a special plea.

2 SLANDER — PLEADING. As there is no form prescribed for a notice, its sufficiency must depend, in some degree, upon the peculiar circumstances of each case.

3. NOTICE. As a notice is not technically a part of the record, it is not proper to dispose of it by demurrer, and the correct practice is to exclude the evidence offered, if the notice is insufficient.

4. AMENDMENT. The refusal of the court to allow a notice to be amended at the trial is not error; the statute of amendments is not obligatory on the courts, but gives them the discretion to allow or disallow amendments, and the allowance or disallowance of amendments, resting in the discretion of the court, is not the subject of error.

5. PRACTICE. The expression of an opinion by the court as to the facts in a case, the weight of testimony, or the character of a witness, is not error, if the question upon which it is expressed is left for the determination of the jury.

6. JURY — VERDICT. Where each of the jurors sets down the amount of damages which he is willing to allow the plaintiff, and the jury divide the aggregate of the sums by 12, and agree upon the quotient as the amount of their verdict, it is not such misconduct as would entitle the defendant to a new trial, unless it is shown that the jury acted corruptly, or that they previously bound. themselves to adhere to the result.

7. DEPOSITIONS. Where the rules of the district court require all depositions intended to be read on the consideration of all motions to be taken on notice to the adverse party, the court may reject *ex parte* affidavits offered in support of a motion for a new trial.

8. TESTIMONY ON MOTIONS. The court is not bound to take the testimony of witnesses on the stand in support of a motion, nor is it the usual practice to do so.

ERROR to the District Court for *Racine* County.

This was an action for slander commenced by *Colton* against *Fowler* in the Racine county district court. The declaration contained three counts: The first count alleged that the defendant had charged the plaintiff with larceny in stealing a bee-hive and honey belonging to one Lucas, and a bag of flour belonging to the defendant; the second count was for charging the plaintiff with larceny in stealing a hive of bees and honey of one Daniel Lucas; and the third count was for words charging the plaintiff with larceny in stealing grain and flour from See's mill, and stealing Lucas' bee-hive. The slanderous words were variously laid in the declaration, to which the defendant pleaded the general issue, and gave notice of special matter in justification, which is stated in the opinion of the court.

Upon the trial, one Isaac Goodpasture was sworn and examined as a witness for the plaintiff, to prove the speaking of the slanderous words; he was afterward called by the defendant, and testified that the plaintiff's character was bad.

After the plaintiff had closed his testimony, the defendant offered to justify by proving the truth of the words spoken, which was objected to by the plaintiff on the ground of the insufficiency of the notice. The court sustained the objection, and decided that the notice was

not sufficient. The defendant then asked leave to amend the notice, which was refused.

Among the instructions given by the court to the jury was the following: "In considering character, you will also consider the character of the witnesses, for and against, and give their testimony such weight as they may deserve. Such a man as Goodpasture, when called upon this subject, will not be entitled to much weight." To which instruction the defendant excepted.

The jury returned a verdict in favor of the plaintiff for $375 damages; upon which the defendant moved for a new trial, on the grounds, among other things, that the court erred in instructing the jury that the evidence of Goodpasture was not entitled to much weight; that the court erred in rejecting the evidence offered by the defendant in justification, and that the court erred in refusing to allow the defendant to amend his notice of special matter; and also "that the jury erred in first marking damages for the plaintiff at sums varying from $1.00 to $1,000, and then dividing the difference, returning a verdict from computation, rather than from law, evidence, or their own judgments."

To sustain the last ground, the defendant offered to prove by the affidavit of H. N. Wells, that the jury, in ascertaining the amount of damages in the case, marked the sums which they would allow, and then added these sums together, and divided the whole by twelve and took the quotient as their verdict, and that these sums so marked, varied from $50 to $1,000; and if the affidavit should be held inadmissible, the defendant offered to prove the facts by a witness on the stand. The court refused to receive the affidavit because it had been taken without notice to the adverse party, and also refused to hear witnesses on the stand in support of the motion.

The motion was overruled and judgment rendered upon the verdict.

*H. N. Wells*, for plaintiff in error, contended, 1. That the notice was sufficient, and that it need not be as full

and certain as a special plea or indictment. It is sufficient if it fully informs the plaintiff of the defense intended to be set up at the trial.  8 Johns. 475 ; 11 id. 38 ; 20 id. 775.  2. The court erred in refusing to permit the notice to be amended, and if the refusal was an abuse of discretion, then the judgment ought to be reversed.  3. The court erred in instructing the jury that the testimony of Goodpasture was entitled to very little weight.  4. The court erred in rejecting the affidavit offered in support of the motion for a new trial.

*Marshall M. Strong*, for defendant in error, Argued 1. that a notice should contain all the matter necessary to be stated in a plea, and set it out with the same certainty. 13 Johns 475 ; 20 id. 370 ; 8 Wend. 572 ; 24 id. 357, and the notice was defective.  It does not admit the speaking of the slanderous words.  3 Cow. 370 ; *Root* v. *King*, 8 Cow. 633.  It answers only a part of the declaration, while it professes to answer the whole of it.  3 Chitty's Plead 1,003 ; 2 Wend. 541.  2. The amendment was sought to be made during the trial, and the application was addressed to the discretion of the court.  The refusal to allow an amendment is not error.  3. Whatever the judge may state as to his opinion of the facts it is not error, if he leaves the facts to the determination of the jury.  4. The affidavit *ex parte*, in support of the motion for a new trial was properly rejected, the rules of practice requiring all affidavits or depositions in support of a motion to be taken on notice to the adverse party.  5. To make the method in which the jury arrived at their verdict illegal and improper, they must have agreed beforehand to be bound by the result.  Graham on New Trials, 106, 109.

MILLER, J.  This was an action for slander in the district court for Racine county, in which *Colton* was plaintiff and *Fowler* defendant.  The defendant pleaded the general issue, and notice of special matter to be given in evidence on the trial in justification, as follows : "The defendant will give in evidence, under the general issue,

on the trial of this cause, that the plaintiff, before the speaking and publishing of the said several words by the said defendant, of and concerning the said plaintiff, as in the said several counts in the said declaration mentioned, to wit: on or before the 25th day of November, 1840, to wit: at Racine county aforesaid, did feloniously steal, take, and carry away, certain goods and chattels, to wit: one hive of bees and the honey, of one Daniel Lucas, and also one bag of flour, of him, the said defendant, as spoken by the said defendant, and charged by the said plaintiff in his said declaration, to wit: of the value of $50, all of which was contrary to the form of the statute in such case made and provided; wherefore the said defendant, if he spoke the said slanderous words, in the said declaration mentioned, was justified and had a right, afterward, to wit: on the 25th day of November, 1840, to wit: at Racine county, aforesaid, to speak and publish the said words of and concerning the said plaintiff, for the cause aforesaid.''

After the plaintiff had closed his evidence on the trial, the defendant offered evidence in justification, which was objected to, on the ground of the insufficiency and immateriality of the notice, which objection was sustained by the court, and the testimony rejected. This is the first error assigned.

The notice is allowed to be filed with the general issue. He may or he may not rely upon it, and the plaintiff is bound, notwithstanding the notice, to prove the facts set forth in the declaration. *Vaughan v. Havens,* 8 Johns 109. Generally, a notice must contain in substance, all the substantial matter of a special plea, but is not required to be in form. In actions upon contract, a notice is sufficient if it contain such a statement of special matter to be given in evidence at the trial as may prevent the plaintiff from being taken by surprise. The statute has prescribed no form, and each case must in some degree, depend upon its peculiar circumstances, and upon the application of a sound discretion in the court at the trial. *Cham-*

*berlin v. Gorham*, 20 Johns. 749. But the general rule undoubtedly is, that the notice should contain all the facts necessary to sustain a plea against a general demurrer, or at least a motion for a judgment *non obstante veredicto*. *Bishop v. Earl*, 17 Wend. 316. Although the notice is not required to be in the strict technical form of a plea, it must contain all the facts necessary to be stated in a special plea. *Sheppard v. Merrill*, 14 Johns. 475. And it must state truly, the facts intended to be given in evidence. *Kane v. Sawyer*, 14 Johns. 89. It must also be so particular as to enable the plaintiff to come prepared to meet the facts stated therein. *Chamberlin v. Gorham*, 20 Johns. 744. In slander, a notice of justification must be as precise and certain as a special plea of justification. *Mitchell v. Borden*, 8 Wend. 570. In a special plea, the felony must be charged with certainty, and the party must aver the speaking of the words, and expressly and distinctly confess the speaking. The plea or notice of the truth in justification, admits the malice, and puts the naked truth in issue. *Root v. King*, 7 Cow. 613 ; *Matson v. Beech*, 5 id. 499. And notice of special matter in slander should be drawn and proven with great particularity. *Woodbeck v. Keller*, 6 Cow. 118. For charging the plaintiff with having sworn false, if the defendant intends to justify under a notice subjoined to his plea, he must give notice that he will prove, not only that the plaintiff swore false, but that he swore willfully and corruptly false. *Mitchell v. Borden*, 8 Wend. 570 ; *M'Kinley v. Rob*, 20 Johns. 351. From this array of authority, it must be apparent that the notice filed in this case was not sufficient. It is certain that it could not be sustained against a general demurrer, which is made the test by the supreme court of New York. It is confused, uncertain, and argumentative. The plaintiff could not be expected to be prepared to meet evidence in justification on this notice ; and if the defendant's offer had not been overruled, the plaintiff must have been taken by surprise.

Fowler vs. Colton.

As a notice of special matter is not technically, a part of the record, it is not proper to dispose of it by demurrer, although it should contain all the facts necessary to sustain it if a plea, against a general demurrer. It is the practice to exclude evidence for insufficiency of the notice. It is the business of counsel to draw it correctly, at the risk of a rejection of the evidence.

After the testimony offered by defendant had been rejected, the defendant moved for leave to amend his notice, which was not granted by the court, and this is the subject of the second error assigned. The notice then on file had been allowed to be amended, according to the rules of the court, before the trial. Even if the refusal of this second amendment were the subject of error, we could not say that the court committed any error in this particular, for every indulgence was extended to the defendant that could reasonably be desired. The act concerning amendments provides, that "the court in which any action shall be pending shall have power to amend any process, pleading or proceeding." This is not obligatory upon the court, but merely discretionary for the furtherance of justice. Now it is well settled, that the allowance or disallowance of amendments, when it is a matter of discretion, is not the subject of error. *Mandeville v. Wilson*, 5 Cranch, 15 ; *Marine Ins Co. v. Hodgson*, 6 id. 206 ; *Chirac v. Reinicker*, 11 Wheat. 280 ; *Sheely v. Mandeville*, 6 Cranch, 253 ; *Walden v. Craig*, 9 Wheat. 576 ; *Ordroneaux v. Prady*, 6 Serg. & R. 510 ; *Clymer v. Thomas*, 7 id. 180.

The court, in the charge to the jury, remarked, "that in considering the character of the plaintiff, you will also consider the character of the witnesses for and against, and give their testimony such weight as it may deserve. Such a witness as Isaac Goodpasture, when called upon this subject, will not be entitled to much weight." In this, error is alleged, but there is none apparent. This was an opinion of the court, not in the least binding on the jury. An opinion of a fact, not given as binding on

the jury, is not error. *Porter v. M' Ilroy*, 4 Serg. & R. 488. And it must clearly appear that the jury were excluded from finding for themselves. *Riddle v. Murphy*, 7 Serg. & R. 230. A court may give an opinion to a jury of the weight of evidence. *Dunlap v. Patterson*, 5 Cow. 243; *Ex parte Bailey*, 2 id. 479. And an opinion of the judge concerning facts is not the subject of error. *Burd v. Donsdale*, 2 Binney, 80; *Long v. Ramsay*, 1 Serg. & R. 72. The court has a right, and it is its duty, to explain to the jury that they are the judges of the facts in a case, and it is their province to give to the testimony of the witnesses its proper and legitimate weight and importance. The court in this case did not go further than the supreme court of Pennsylvania in the case of *Burr v. Sim*, 4 Whart. 156, where it was decided that it was not error in a judge to tell a jury that a witness was a "very willing witness," and that "very little confidence was to be placed in her testimony;" nor to remark upon the strength or absence of evidence, or to suggest presumptions arising out of the relationship or conduct of one of the parties.

The defendant moved for a new trial on the alleged ground of misconduct of the jury in agreeing upon their verdict; and at the argument of this motion, he offered to prove "that the jury in ascertaining the amount of damages, marked the sums which they would allow, and then added the sums so marked together, and divided the whole by twelve and took the quotient as their verdict, which they returned into court; that the sums so marked varied from $50 to $1,000; and the defendant offered the affidavit of H. N. Wells to prove the fact, or, if the affidavit was not admissible, a witness was offered to prove them on the stand." It appears that this offer was presented at the argument of the motion for a new trial, when the court made this entry: "The motion for a new trial being taken up for consideration, this offer is overruled." The affidavit referred to did not appear to have been taken on notice.

It is the practice in the third district to adhere to the rule requiring all depositions offered to be read on the argument and consideration of all motions, to be taken on notice to the opposite party ; and such being the rule, we will not say it was wrong to reject the offer.   The court is not bound to hear a witness on the stand at the argument of a motion, particularly as it is not the practice.   But even if the testimony had been perfect, and the witness competent to prove the facts contained in the offer, yet the court would have been right in overruling it. If the jury had made up their verdict in the manner stated, there was no error.   There is no allegation of corruption on the part of the jury.   There is no averment that the jury previously bound themselves to adhere to the result ; but it is stated  merely, that they did put down the amount each would allow, and did ascertain the quotient, which they agreed upon as their verdict.   After the members of the jury argue the question, and agree to find for the plaintiff, in torts and other cases where there is no ascertained demand, it can seldom happen that they can or will agree at once upon a precise sum to be given in damages.   There will necessarily arise a variety of opinions, and mutual concessions must be expected.   A middle sum may in many cases be a good rule ; and though it is impossible but this mode may be sometimes abused by a designing juryman fixing upon an extravagantly high or a very low sum, yet unless such abuse appears, the fraudulent design will not be presumed.   It is immaterial whether they come to the result upon paper, or in the course of conversation, so that they agree, after the result is ascertained, to make that result their verdict. *Cowperthwaite v. Jones*, 2 Dallas, 55 ; *Shobe v. Bell*, 1 Randolph, 39 ; *Grinnell v. Phelps*, 1 Mass. 541 ; *Dana v. Tucker*, 4 Johns. 487.

The supreme court of the United States will not take cognizance of questions of law, which may arise in the circuit or district courts upon motions for a new trial, as it is a motion addressed to their discretion (*Wood v.*

*Young*, 4 Cranch, 237; *Henderson v. Moore*, 5 id. 11; *Barr v. Gratz*, 4 Wheat. 213); but under our statute it is a legitimate subject of inquiry in this court. It will appear that we have not hesitated to express an opinion upon the reasons alleged for a new trial in this case, although they were not presented to the district court in such a manner that they might have been considered and passed upon there, as required by the practice (*Houghton v. Stone*, 4 Wend. 175); yet, to settle the practice in regard to the conduct of jurors in this particular, we have consented to consider the subject as properly presented.

Judgment affirmed, with costs.