## ZONNE VS. WIERSOM.

INSTRUCTIONS — JURY. — In the trial of a cause all questions of fact are for the decision of the jury, and it is error for a circuit judge to instruct them absolutely on a question of fact. It is his duty to point out and decide what legal principles are applicable to the case, and of the jury to pass upon the facts.

(3 Chand., 240.)

ERROR to the Circuit Court for *Sheboygan* County.

*Wiersom* brought an action of assumpsit against *Zonne*, alleging that the defendant claimed to be the owner of a certain

tract of land, with the crops thereon, which the plaintiff purchased of him for $350 ; that the defendant at the time aforesaid was not the owner thereof, but that the title thereto was vested in the United States, and the declaration also contained the common money counts.    The defendant pleaded the general issue, with notice of special matter, and at the trial the plaintiff proved that the land in question was saline land, belonging to the United States, and reserved from sale for that cause.    It appeared that one Jansen had lived on the land and cultivated a part of it, and that he told the defendant that he left his interest for him.

Evidence was given tending to prove that said lands were entered December 9, 1848, by Francis Grootiers, and that he conveyed the same to defendant by warranty deed January 6, 1849.    The circuit judge charged the jury that the matters given in evidence by the defendant were not sufficient to bar the plaintiff of his action ; that the lands mentioned in the declaration were reserved for saline until after the sale by the defendant to the plaintiff, and that no entry could be made upon them for settlement ; that Jansen, being a mere trespasser, could establish no property in the improvements or crops on them ; that even if Jansen had property in the improvements, it could only be transferred to the defendant by a sale or surrender, and a subsequent possession by him ; that if the jury found that there was fraud, imposition or deceit attempted by the defendant and carried out in the sale, then the action could be maintained ; and that to make out a case of fraud, it is only necessary to show an unfair advantage taken of the ignorance of the plaintiff with an intent to defraud ; that excess of price, the character and position of the parties and the means of knowledge on the part of the plaintiff were to be considered in making out a case of fraud.    The plaintiff had a verdict and judgment, and the defendant sued out this writ of error.

*Abbott & Clark*, for plaintiff in error.

*H. S. Orton*, for defendant in error.

KNOWLTON, J.  This was an action of assumpsit, brought by the defendant in error against the plaintiff in error in the circuit court .of Sheboygan county.  The defendant below pleaded the general issue and gave notice of special matter in defense.  Upon the issue joined, the cause was tried, and the jury, under the instructions of the court, found a verdict for the plaintiff, the defendant in error, upon which judgment was rendered.  The defendant sued out his writ of error, and now seeks a reversal of the judgment given.

Many errors are assigned, a few of which will be considered. There appears to be no question that the court, in the instructions given, charged the jury upon the points of law legitimately arising upon the facts evolved upon the trial.  This is said upon the hypothesis that a person may waive a tort and sue in assumpsit; although the court are by no means disposed to hold, that in this particular case, as here presented, such waiver would enable the plaintiff below to maintain this action in the form adopted, though it were admitted that the defendant committed a fraud upon the plaintiff in the original transaction between the parties.

It appears from the bill of exceptions that the court charged the jury — 1. That the lands mentioned in the declaration were reserved by the United States for salines until after the sale by the defendant to the plaintiff, and that no entry could be made upon them for settlement.  2.  " That Jansen, being a mere trespasser, could establish no property in the improvements upon those lands, or the crops thereon."

In the instruction first given, as above, it is obvious that it was a question of fact, whether or not the lands "mentioned in the declaration were reserved by the United States for salines, until after the sale by the defendant to the plaintiff." This was not a matter of which the court could take judicial notice.  The judge must have been convinced of the fact by the evidence adduced.  That conclusion was probably, from the testimony, well based.  How that may be is, however,

quite immaterial, because if it were correct, the court erred in deciding the question. It not being a question of law, but of fact, the point should have been decided by the jury, and not by the court. The rule of law is clearly established in civil cases, that the court must decide the law and the jury the facts.

In the second instruction quoted above, the same error exists. Here the court, in its language, speaks to the jury as though it were admitted by the parties that the defendant was a trespasser. The language is, "that Jansen, being a mere trespasser, could establish no property in the property in controversy." Whether Jansen was or was not a trespasser was a question of fact to be proved, and, when proved, to be found by the jury; and the court erred in assuming that he was a wrong doer. The court should have told the jury what in law would be a trespass, and then to find from the evidence whether the individual was or was not a trespasser within the rule of law laid down. From the views expressed, it is obvious that the judgment is erroneous, and that it should be reversed, a *venire de novo* awarded, and a new trial had.

Judgment reversed.