## HAWKINS vs. COSTIGAN and others.

*Instructions to jury.*

An instruction given in this case *held* erroneous as interfering with the province of the jury.

APPEAL from the County Court for *Milwaukee* County.

Replevin for a horse and wagon. Defendants' evidence tended to show that they acquired possession of the property from plaintiff under an oral contract of sale ; and that plaintiff' was to call a few hours afterward at their place of business, when they were to settle for it; that plaintiff did call, and defendants then offered to set off against his claim for the property in question, certain claims which they made against him on account of other transactions. The plaintiff's evidence tended to show that he merely lent the horse and wagon to defendants, and that he refused to sell except for cash in hand. The question presented here was upon instructions given the jury, which will sufficiently appear from the opinion.

Verdict and judgment for plaintiff; and defendants appealed.

*Paine & Co.*, for appellants.

*Geo. W. Lakin*, for respondent.

COLE, J.   We are of opinion that there must be a new trial in this case, because the question whether there had been a sale and delivery of the property in controversy was not fairly submitted to the jury.

The defense was, that there had been such a sale and delivery, so as to pass the title.   The plaintiff controverted this position, and endeavored to show that there had been no such sale.   Whether, therefore, there had been such a sale or not, was the real issue between the parties.   The county court said it gave the first special instruction asked by the defendants, with such qualification as it might make on the evidence.   The instruction was, if the jury should find that there was a contract for the purchase of the property in question, or any part of it, between the plaintiff and the defendants, and that the plaintiff delivered such property to the defendants upon such contract, with an understanding that he was to come again to their place of business at a subsequent hour of the same day and settle with them therefor, then the title passed, and the plaintiff could not maintain the action.   After giving the second special instruction, the court proceeded to charge the jury as follows : "Every body knows, or ought to know, what constitutes a contract.   The minds of the parties must meet.   Now it is evident that in this case the witnesses on one side or the other are very much mistaken, to say the least.   But there is one thing in the evidence to which I will call your attention. The defendant's witnesses state that at the time when it is claimed that this purchase was completed, at the interview before the store, one of the defendants took out some money and offered it to the plaintiff to bind the bargain ; and that the

plaintiff refused to take it, and said, ' No, when I sell property
I sell it.' Now if the meaning of that language is not suffic-
iently clear in itself, you can determine its meaning by refer-
ring to the undisputed evidence in the case, that the plaintiff
had all along refused to sell to any one except for the money
down."

It appears to us that in this charge the court, doubtless in-
advertently, but not the less to the prejudice of the rights of
the defendants, encroached upon the province of the jury. For
it is manifest that it was the province of the jury alone
to determine whether any remark of the kind was made by
the plaintiff, and if it was, then what, in connection with the
attending circumstances, was meant by it. Now the court as-
sumed that the remark made by the plaintiff showed that there
had been no meeting of minds, and consequently no sale had
been made. But it is obvious that the language attributed to
the plaintiff might be differently interpreted. It very natu-
rally admits of a construction consistent with the theory of the
defense. The plaintiff might have meant by the remark, " No,
when I sell property, I sell it," simply this : "I have sold you
this property ; I am a man of honor, and when I make a bar-
gain I stand by it ; I therefore do not want any money to bind
the trade." As it appears to us, this is certainly quite as nat-
ural and obvious a meaning to place upon the words as the one
the court attached to them.

Again, the court told the jury that if the remark was not
sufficiently clear in itself, they might determine its meaning
by referring to the undisputed evidence in the case that the
plaintiff had all along refused to sell to any one except for the
money down. Now we do not understand from the evidence
that any such undisputed fact appears in the case as that the
plaintiff always refused to sell the property except for cash in
hand. The testimony on the part of the plaintiff certainly
goes to show that he was only willing to sell for cash down

while considerable testimony on the part of the defendants goes to show that he did not insist upon this, but would wait upon the defendants for a few days for his pay.

*By the Court.*—The judgment of the county court is reversed, and a *venire de novo* awarded.