## HUNKINS VS. THE MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

*Contract—Evidence.*

1. Where the defense to an action for wages was, that defendant, with plaintiff's knowledge and consent, had made an arrangement with third parties by which it was liable to them for defendant's board, the court charged the jury "that there was no satisfactory evidence in the case that any such arrangement had been made," and that "under the law no liability existed on the part of the company to pay" defendant's board bill. *Held*, that this was equivalent to taking the question of fact from the jury.
2. There being evidence from which the jury might have found the fact differently, the judgment for the plaintiff must be reversed.

APPEAL from the Circuit Court for *Waukesha* County.

The action was instituted before a justice of the peace by the plaintiff, *Hunkins*, to recover for labor and services, and

was appealed to the circuit court. The nature of the defense and the facts of the case appear in the opinion. Verdict and judgment for plaintiff, from which defendant appealed.

*John W. Cary*, for appellant.

*A. Cook, contra.*

COLE, J. The defense in this case was, that there was an understanding or arrangement between the plaintiff and company by which it was to furnish him with board while in its employ—the amount thereof to be deducted out of his pay ; and it was alleged in the answer that it did furnish, at his request, board at P. D. Bangs', to the amount of $30.35, and at P. H. Parsons' to the amount of $5.80, which it agreed to pay, and, in consideration thereof, the plaintiff was released from the payment of the same by the creditors. The company was permitted to prove by the witness, Haven, an engineer in the Prairie du Chien division, that it was the custom in reference to all the hands on that line, that board bills, when not paid by the employee, were paid by the company and deducted out of the pay. And we think there was enough in his testimony, even, to carry the case to the jury upon the question, whether the plaintiff was cognizant of this custom, and assented to it. The witness, Parsons, likewise testified that the plaintiff understood perfectly well, as he supposed from conversation with him, of this arrangement, and also said that when the plaintiff came to board with him the second time: "I told him it was understood we would collect our pay that way, but I didn't like to do it: and he said he would give his money to Mr. Smith immediately after the pay-car came along, and pay it, and, if he didn't do that, he was perfectly willing I should put into the company." There was some other slight testimony in the case to the same effect. The plaintiff himself positively denied that there was any understanding or arrangement between him and the company, or between him and the persons with whom he boarded, in relation to the payment of his board.

The court below charged the jury, among other things, that

if the railroad company had made an arrangement with the boarding house keepers that it would pay the boarding bills of all the employes they boarded, and this arrangement was called to the attention of all the employes when they commenced work, and it was understood; then the company would be liable to pay these claims. But the court further told the jury that there was no satisfactory evidence in the case that any such arrangement had been made between the parties, and directed the jury that under the law no liability existed on the part of the company to pay these bills.

It seems to us that it was error to take this question of fact from the jury. For the jury might well have found upon the evidence above cited that such an understanding or arrangement existed between the company and the plaintiff in respect to the payment of these board bills, and that the boarding house keepers looked to the company exclusively for their pay. The counsel for the plaintiff, insists that the circuit judge in this part of the charge, merely expressed his opinion as to the force and effect of the testimony, but still leaving the jury free to come to their own conclusion in respect to the facts established by it. But it must be obvious that the question of fact in regard to the arrangement and liability of the company was withdrawn entirely from the consideration of the jury.

There was a manifest error in not deducting from the amount of the recovery the $11.10, which had been paid into court.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial ordered.