. KETCHUM and another vs. EBERT.

33  611
96   53

INSTRUCTIONS TO JURY. (1) *When error to charge that a fact is proven.* (2) *Distinction between expression of opinion and direction.* (3) *Error in instruction, ground of reversal.*

1. It is error for the court to charge the jury that a material fact is proved, when there is any evidence to the contrary proper to be considered by them.

2. While the mere expression by the court to the jury of an opinion as to the facts of the case, the weight of evidence, or the character of a witness, may not be error, where the question is still left for the determination of the jury, yet if the expression of opinion is made in such a manner that the jury may naturally regard it as a *direction* to them, and as excluding them from finding the fact for themselves, there being evidence, proper for them to consider, both for and against such direction, this is fatal error.

3. A question in this case was, whether logs received by plaintiff were received upon a certain contract, and there was evidence tending to show that they were not received upon that contract, but under a subsequent agreement. The court charged the jury: " I conclude that there cannot be much doubt that what logs were delivered and accepted by plaintiffs, were received upon this contract;" and again: " If plaintiffs received the logs, it strikes me that they must be held, in the absence of any evidence to the contrary, as having received them under the contract." *Held*, ground of reversal.

· APPEAL from the Circuit Court for *Waupaca* County.

The action was brought by *Ketchum* and *Hoxie*, to recover damages sustained by the alleged breach of a covenant of warranty in a contract for the sale of certain saw logs by the defendant *Ebert* to them. The answer admitted the contract, but alleged fraud on the part of plaintiffs, and set up a counterclaim for the value of certain logs. The evidence was conflicting as to whether the logs received by the plaintiffs from defendant were received under the contract set forth in the complaint, or under a subsequent agreement. Certain instructions, excepted to by the plaintiffs, are recited in the opinion. The jury found for the defendant; and judgment being entered on the verdict, plaintiffs appealed.

*C. Coolbaugh & Son*, for appellants, argued, *inter alia*, that the court erred in the fourth and fifth instructions, as to the question of the delivery of the logs and their acceptance by plaintiffs under the contract. This question was purely one of fact, and as such to be determined by the jury from the evidence; and the judge should have so instructed them. The court may instruct the jury in the rules of law by which evidence is to be

weighed, but its sufficiency is to be determined by the jury. *Carpenters v. Hayward*, Doug., 374. There being doubt upon the question, it should have been left to the jury, under proper instructions from the court, to determine. *N. Y. Firemen's Ins. Co. v. Walden*, 12 Johns., 513 ; *Read v. Hurd*, 7 Wend., 408. *Fitzgerald v. Alexander*, 19 id., 402 ; *McMorris v. Simpson*, 21 id., 610.

*Finch & Felker* and *E. L. Browne, contra*, argued that the fourth and fifth instructions, taken together as given, fairly presented to the jury the question of the delivery and acceptance of the logs under the contract. The court had heard all the testimony, and had the right, not only to comment upon it, but to express an opinion concerning it.

DIXON, C. J. There was evidence tending to show that the logs received by the plaintiffs from the defendant were not received upon the contract, and that the plaintiffs did not accept them under it, but under a subsequent agreement made with the defendant. The plaintiff *Ketchum* testified very positively that this was so, and he was corroborated by the testimony of his coplaintiff, *Hoxie*. In view of that testimony, we think the court encroached upon the province of the jury in the remarks found in the instructions numbered four and five. In the fourth instruction, the judge said : " There is some question now as to whether there were any logs accepted under the contract. I conclude that there cannot be much doubt that what logs were delivered and accepted by the plaintiffs, were received upon this contract." And the language of the fifth instruction was still stronger, as amounting almost, if not quite, to a positive direction to the jury ; for the court said that " if they [the plaintiffs] then received the logs, it strikes me, they must be held, in the absence of any testimony to the contrary, as having received the logs under the contract, and that the contract price would govern them as a matter of course." If this was not an explicit direction to find that the

logs were received under the contract, it fell very little short of it. It was a clear and unqualified assumption that there was no evidence to the contrary, in which case the jury were informed what the holding must be with respect to the receipt of the logs, and that they were received under the contract.

It has been held that the expression of an opinion by the court as to the facts in a case, the weight of testimony, or the character of a witness, is not error, if the question upon which it is expressed is left for the determination of the jury. *Fowler v. Colton*, 1 Pin. Wis. R., 331, and authorities there cited. But for the court to decide a question of fact, or to charge the jury that a certain fact is proved, where there is any evidence to the contrary for the jury to consider, has been held to be error, as it most certainly is. *Zonne v. Wiersom*, 3 Chand., 240. In the latter case, the court say: "It not being a question of law, but of fact, the point should have been decided by the jury, and not by the court. The rule is clearly established in civil cases, that the court must decide the law, and the jury the facts." See also *Hawkins v. Costigan*, 21 Wis., 545; *Saunderson v. Lace*, 1 Chand., 231; *Ford v. Smith*, 27 Wis., 261; *Hunkins v. Railway Co.*, 30 Wis., 559. And in criminal cases, the rule prevailing is still more stringent. It is there held to be error for the court to express any opinion to the jury as to the weight or sufficiency of the testimony upon any fairly controverted or debatable question of fact. *Benedict v. The State*, 14 Wis., 424; *Hill v. The State*, 17 id., 675. The practice varies in different courts and before different judges, some preferring to avoid the expression of such opinions as much as possible in all cases, as well civil as criminal, and so to leave the jury entirely free to determine the facts, unprejudiced by any views which may be entertained by the court respecting them. On the other hand, the opposite practice has been very highly commended by courts and judges whose opinions are entitled to the greatest attention and respect. "I am far from wishing," says Chancellor KENT, in *Firemen Ins. Co. v. Walden*, 12

Johns., 513, 519, "to restrain the judges of the courts of law from expressing freely their opinions to the jury on matters of fact, and still less of interfering with their power of controlling the mistaken verdicts of juries, by a liberal exercise of the discretion of awarding new trials. No man can be more deeply sensible of the value and salutary tendency of this judicial aid and direction, and none, certainly, can possess higher confidence in the character and wisdom of the court whose judgment is now under review. All that I feel it my duty to contend for is, that whenever the judge delivers his opinion to the jury on a matter of fact, it shall be delivered as mere opinion, and not as direction, and that the jury shall be left to understand, *clearly*, that *they* are to decide the fact, upon their own view of the evidence, and that the judge interposes his opinion only to aid them in cases of difficulty, or to inspire them with confidence in cases of doubt. It is for this principle that I feel solicitous, and not for anything that may have taken place in this particular cause. The case before us is, comparatively, of trifling consequence; but the distinction I have suggested goes to the very root and essence of trial by jury, and may, indeed, become of inestimable value, and, perhaps, of perilous struggle, when the present generation shall have ceased to exist." And previously, in the same opinion the chancellor also says: " If even it was doubtful, by the bill, whether the charge was intended as *direction* or otherwise, the result of my opinion would be the same; because, when the judge interposes his opinion to the jury, on a point of fact, it *ought not to be left in doubt* in what light they are to receive his charge. In order to preserve a just balance between the distinct powers of the court and the jury, and that the parties may enjoy, in unimpaired vigor, their constitutional right of having the law decided by the court, and of having the fact decided by the jury, every charge should *distinguish clearly* between the law and the fact, so that the jury *cannot* misunderstand their rights or their duty, nor mistake the opinion of the judge upon matters of

fact, for his direction in point of law. The distinction is all important to the jury. The direction of the judge, in the one case, is obligatory upon their consciences, and so they will, and so they ought to, regard it; but his opinion, in the other case, is mere advice, and the jury are bound to decide for themselves, notwithstanding the opinion of the judge, and to follow that opinion no farther than it corresponds with the conclusions of their own judgment. Unless this distinction be kept steadily in view, and be defined with all possible precision, the trial by jury may, in time, be broken down, and rendered nominal and useless."

Looking upon the instructions in question, which were duly excepted to by the plaintiffs, as we think they must have been looked upon by the jury, namely, as in the nature of positive directions to the jury upon a matter of fact, and as excluding them from finding the fact for themselves upon testimony which it was proper that they should consider, both for and against the directions, we must hold that the charge was erroneous, and that the judgment should be reversed and a new trial had in the action. In *Read v. Hurd*, 7 Wend., 408, the court expressed an opinion to the jury that evidence produced was sufficient to prove a particular fact in favor of the plaintiff, which was held to be error, and for which the judgment was reversed. The supreme court said : " Admitting that the question was not absolutely taken from the jury by the court, still, their opinion, considered as an opinion upon the weight of evidence, was much stronger than it ought to have been, and was calculated to make an erroneous impression upon the minds of the jurors. The charge, therefore, was erroneous, and the judgment must be reversed on that ground." And in *Fitzgerald v. Alexander*, 19 Wend., 402, where, upon a motion made to nonsuit, because the evidence was not sufficient, the court denied the motion, declaring the evidence sufficient, and with that direction left the cause to the jury, this was held equivalent to a positive direction to the jury, without leaving the facts open for them

to say what they were upon the testimony of the witnesses, which was conflicting. See also *McMorris v. Simpson*, 21 Wend., 610, 614, and *Roseboom v. Billington*, 17 Johns., 182, 187.

*By the Court.* — The judgment of the circuit court is reversed, and a *venire de novo* awarded.