Dingman vs. The State.

## DINGMAN VS. THE STATE.

*February 4 — February 24, 1880.*

*(1)* CONTINUANCE. *(2)* NEW TRIAL, *for newly discovered evidence. (3)* INSTRUCTIONS TO JURY: *Erroneous when argumentative and partial.*

1. In a proceeding under the bastardy act, where defendant had continued the cause over one term of the circuit court, and, though he knew that a certain witness might be material, had taken no steps to summon him until a few days before that fixed for the trial, when the witness had left the state to avoid being summoned: *Held,* that there was no error in refusing a further continuance on account of the absence of such witness; especially where, if present, he could not have been compelled to testify to the facts which defendant expected to prove by him.

2. There is no error in refusing defendant a new trial in such a case, on the ground of newly discovered evidence, where he had been informed three weeks before the trial that the witness from whom such evidence is expected, might be a material witness for him, and neither procured his attendance nor asked a continuance to enable him to procure it.

3. The evidence in this case, as to the paternity of the child, being of a conflicting character, and the questions of fact fairly disputable, and the charge of the court having presented the case on plaintiff's part in a forcible *argumentative* way, without so stating it on defendant's part, and having been expressed in terms from which the jury must have inferred the judge's opinion to be that they should find against the defendant, the judgment against him is reversed, without considering whether a *preponderance* of evidence against the defendant in such a case is sufficient.

ERROR to the Circuit Court for *La Fayette* County. The case is stated in the opinion.

For the plaintiff in error, · there was a brief by *Orton & Osborn*, and oral argument by *Mr. Orton.*

*The Attorney General*, for the state.

TAYLOR, J. Upon a trial in the circuit court for La Fayette county, the plaintiff was adjudged to be the father of a bastard child of one Ellen Waistell, and was required to pay the sum of $350 for the past and future support and maintenance of such child, and the costs of the prosecution, amounting to the sum of $43.69, and to give bond with sufficient sureties for the payment of said sums; and, on default thereof, to be committed to the county jail of said county until he shall perform such judgment or be otherwise discharged according to law.

The plaintiff in error caused a bill of exceptions to be settled in the action, and brought the record of said action to this court by writ of error. He assigns as error that the learned circuit judge misdirected the jury as to the sufficiency of the evidence necessary to convict in a proceeding of this kind, and that his charge in other respects was erroneous; and that the court erred in refusing to continue the case upon the

Dingman vs. The State.

application of the plaintiff in error, and in refusing to grant a new trial on his application upon the ground of newly discovered evidence.

The application for a continuance was, we think, properly denied. The defendant had continued the case over at least one term, and, although he knew that the witness might be material, he had taken no means to summon him until a few days before the day fixed for the trial, when, it appears, the witness had left the state to avoid being summoned. It is also evident from the affidavit of the defendant upon which his application for a continuance was made, that the witness, if present, could not have been compelled to testify to any of the matters which he alleges he expected to prove by him; and the fact that he had left the state to avoid the subpœna would naturally lead the court to believe that if present he would not volunteer to testify to that which the law would not compel him to do.

The motion for a new trial upon alleged newly discovered evidence we also think was properly denied. The proof shows that the defendant had information before he went to trial, that the person he now claims could give material evidence in his favor might be a material witness for him on the trial. Such being the fact, he should have procured his attendance at the trial, or, if that was impossible, he should have asked a continuance in order to procure his attendance. Having been informed, at least three weeks before the trial, that this person could give evidence which would be material to his defense, he should have procured his attendance, or applied for a continuance if such attendance could not be then had; and, having gone to trial without attempting to procure his attendance or asking for a continuance on account of his inability to have him present, the new trial asked in order to procure his testimony was properly denied.

In order to present clearly the exceptions taken by the plaintiff in error to the charge of the learned circuit judge,

given to the jury upon the trial of this action, it is, perhaps, necessary to state the whole charge. It was brief, and as follows:

" 1. The question is: Is the defendant the father of the child? If he is, your verdict should be guilty.

"2. If you are not satisfied, from a preponderance of evidence, that he is the father of the child, you should say, not guilty.

" 3. The mother, Ellen, may very certainly be presumed to know who begot the child. You are to consider whether every instinct and emotion of maternal love and affection does not naturally rise up in revolt at the idea of fastening, by perjury, a false paternity upon the offspring of her body.

" 4. The defendant denies the charge. You are to judge between them, and give the *preponderance* to the one that you think, under the circumstances, entitled to the most credit.

" 5. If the defendant is the father, it probably, according to human experience, must have been begotten at an earlier period than that fixed by the girl. It is proper, in this connection, to consider whether it is not easier to remember a potential fact than to remember its precise date.

" 6. It is considered well established that it is not impossible for a child to be born healthy and live to maturity at seven months from conception, although it is not according to the common course of nature.

" 7. The fact of the girl having testified to the month of July before she was delivered, is a circumstance to be considered regarding her credibility. You will consider whether the explanation, that she intended to say June, is reasonable and satisfactory.

" 8. It is said that it is a charge easy to make. Is it true that any woman, however lost to virtue and to truth, is likely to charge a man with having had sexual intercourse with her, when it is not true?

" 9. If, from sheer recklessness, a woman can be regarded

Dingman vs. The State.

as capable of fastening a false paternity upon her child, is it
probable that she would select a man who has children as old
as herself, rather than some one near her own age, it being
shown that younger men were equally accessible upon whom
to fasten the false charge?

" 10. If you argue that the prosecution of the defendant is
purely mercenary, it is proper to consider whether the defend-
ant is a more eligible victim to fasten the assumed fraud upon,
than others against whom the charge might be made; and if
not, what becomes of the argument?

" 11. With regard to the prosecuting witness, judging from
her age, her appearance upon the stand with a child in her
arms, in the presence of her father, standing before the court
and jury and a listening and criticising audience, is she such
a person as to be capable of confronting the accused, and
solemnly swearing that he is the father of her child, if he never
had had sexual intercourse with her? If you think she is of
that sort, you should acquit the accused. If you believe her,
you should say, guilty."

To each separate paragraph of the charge, as above given, the
counsel for the plaintiff in error excepted. In the determina-
tion of this case we shall not pass upon the question raised by
the exceptions to the second and fourth paragraphs of the
charge, as the members of this court entertain different views
upon the point raised by these exceptions, and as we all agree
that the judgment must be reversed upon the exceptions taken
to the remainder of the charge.

It is well said that the object of a charge to a jury is to lay
before them a full and impartial statement of the whole case
as presented by both sides; and as a general rule it is better
that the judge should refrain from expressing any opinion
upon the questions of fact in the case, or upon the credit
which, in doubtful cases, should be given to the testimony of
the witnesses. It is urged by the learned counsel for the
plaintiff in error, that this charge is partial in that it pre-

sented only the plaintiff's side of the case to the jury, and that in presenting that side it was so presented that the jury could not but infer that it was the decided opinion of the judge that the evidence as a whole sustained that side, and their verdict ought to be for the plaintiff. In looking at the whole charge, we are forced to the conclusion that it is subject to the criticism made upon it by the learned counsel. There can hardly be a doubt that every man upon the jury, after hearing the charge, was of opinion that the learned judge thought the verdict ought to be in favor of the plaintiff. It is true, he did not say in express language that he held that opinion; yet the forcibly argumentative way in which he presented the case on the part of the plaintiff, and the entire omission to present the case on the part of the defendant, could have had but one effect upon the jury; and that was, that the plaintiff, in the opinion of the court, had made out a case, and that the defendant had failed in his defense.

It is urged by the counsel for the state, that the utmost that can be said against the correctness and propriety of this part of the charge is, that it is only the expression of an opinion of the learned judge as to the credibility of the witnesses, and his opinion that, upon the whole evidence, the plaintiff was entitled to the verdict; that there was no direction on the part of the learned judge to the jury that they ought to find in conformity to his opinion; but that the whole question as to the guilt of the defendant was left to the jury for their determination upon their own judgment of the matter, and wholly uninfluenced by any views of the court upon the questions of fact.

It was decided long ago by the territorial court, that in a civil action "an opinion as to a fact not given as binding on the jury was not error." *Fowler v. Colton*, 1 Pin., 331, 337-8. And this decision was commented upon, and to a limited extent approved by this court, in the case of *Ketchum et al. v. Ebert*, 33 Wis., 611. The rule approved in this case

is, "that the mere expression by the judge to the jury of an opinion as to the facts of the case, the weight of evidence or the character of a witness, may not be error, when the question is still left for the determination of the jury; yet, if the expression of opinions is made in such manner that the jury naturally regard it as a direction to them, and as excluding them from finding the facts for themselves, there being evidence proper for them to consider, both for and against such direction, this is a fatal error." The same case, as well as the cases of *Benedict v. State*, 14 Wis., 424, and *Hill v. State*, 17 Wis., 675, holds that in criminal cases the rule is more stringent, and that in such cases it is error to express any opinion to the jury as to the weight or sufficiency of the testimony upon any fairly controverted or debatable question of fact.

In the case of *Vedder v. Fellows*, 20 N. Y., 126–130, it is said: "The better rule is, that while a judge may comment on the weight due to the testimony of witnesses, he cannot rightfully state to the jury his conclusions as to any questionable or disputed facts. The difficulty is not cured by an announcement to the jury that the question was one of fact for their determination, and if they should not concur in his conclusion they might decide the other way. In most instances the jury would concur with the expressed opinion of the court on questions of fact."

It may be said that the learned judge did not, in his charge, in express words state to the jury his opinion as to the credit which they ought to give to the complainant as against the defendant, nor to which side he considered the whole testimony preponderated, and that therefore the charge is not subject to the objection that he expressed to the jury his opinions upon these questions with a view of controlling their judgment.

We think it is impossible to read the charge of the learned judge without being fully convinced that he intended to convey to the jury, not only that it was his opinion that the

complainant ought to be believed by them rather than the defendant, but that it was also his opinion, upon the whole evidence, that they ought to find a verdict in favor of the plaintiff. If the learned judge had simply said to the jury, "In my opinion the complainant is entitled to more credit as a witness than the defendant, and I am also of the opinion, upon the whole evidence, that the plaintiff ought to have your verdict; still these are questions of fact for your determination; take the case, and decide it upon the whole evidence in the case," the effect upon the jury would not have been as prejudicial to the defendant as the charge given. If he had thus stated the case, it would have been the expression of a mere opinion, unsupported by any argument. In the charge given, the opinion of the court was not only transparent, but it was supported by cogent arguments, which could not fail of tending to induce the jury to follow it.

Treating this case as one in which the rule applicable to civil actions must be applied, we are still of the opinion that the charge did not fairly state the whole case to the jury, and that the opinion of the learned circuit judge as to the credibility of the testimony given by the complainant, as contrasted with that of the defendant, was palpably in favor of the complainant, and was so urged upon the jury by argument that it must have had the same weight with them as if it had been an express direction to them to so find, and was therefore erroneous within the decisions above quoted.

*By the Court.* —The judgment of the circuit court is reversed, and the cause is remanded for a new trial.