OULLAHAN v. STARBUCK.

Where on appeal from an order granting a new trial the record shows that the motion was made upon several grounds without showing upon which of them the action of the Court below was based, the order will not be reversed if it was within the discretion of the Court to make it upon any of the grounds stated.

The action of the District Court in granting a new trial on the ground of alleged insufficiency of the evidence, will not be interfered with when the evidence is conflicting, although the Appellate Court may differ in opinion with the lower Court as to the weight of the evidence.

Appeal from the Fifth Judicial District.

Action to recover a balance alleged to be due on a sale of personal property. Defense that the transaction was not a sale but only a pledge of the property to secure an indebtedness due defendant from plaintiff.

In empaneling the jury a peremptory challenge as to one of the jurors was interposed by plaintiff, and denied by the Court, to which plaintiff excepted, and a bill of exceptions embodying the facts in relation to the challenge was made out and signed by the Court.

The jury found for the defendant, and plaintiff moved for a new trial. The statement as settled showed that the motion was based on three grounds: "1st, misconduct of the jury; 2d, error of law

occurring at the trial, and excepted to by plaintiff; 3d, insufficiency of the evidence to justify the verdict, and that it is against ·law." On the second ground, the statement referred to the bill of exceptions on file. In support of the third ground, it set forth at length the evidence in the case which was conflicting. After argument, the Court entered the following order: "The motion of the plaintiff for a new trial of this cause having been heretofore submitted to the Court, and having been taken under advisement, now, at this day, the Court being sufficiently advised of its judgment, herein doth order that said motion be granted."

The transcript on appeal, (which is by defendant from this order) contains nothing, beyond the statement and the order, to show upon what ground the new trial was granted.

*Geo. W. Tyler* and *M. G. Cobb,* for Appellant, argued that the Court properly denied plaintiff's challenge to the juror, and therefore erred in granting a new trial.

*Tod Robinson,* for Respondent, contended that the evidence was conflicting, and therefore the granting of a new trial was within the discretion of the Court, and not revisable.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

It is stated by the appellant's counsel that the only ground upon which the Court below based its action in granting the new trial, was a supposed error in its refusing to allow a peremptory challenge to a juror after he had been accepted, though not sworn. We do not doubt that such was the fact, but the record does not show this, and by its contents we must be governed. The record shows that the motion was also made on the further ground that the evidence was insufficient to justify the verdict, and does not indicate upon which of the two grounds the Court based its ruling. There was conflicting evidence on the trial, though the evidence which is stated in the record appears to fully support the verdict. It is not enough, however, to authorize any interference with the action of the Court below—either in granting or refusing a new trial for

alleged insufficiency of the evidence—that an Appellate Court, judging from the evidence as it is reduced to writing, would have come to a different conclusion. The Court before which the witnesses are examined is generally better qualified to determine the propriety of granting or refusing a new trial on this ground than any Appellate Court; and its action in this respect will not be disturbed except for the most cogent reasons.

. It is unnecessary, therefore, to pass upon the question whether a right to challenge peremptorily a juror in a civil case under the statute exists until the jury are sworn.

Order affirmed.