## A. M. WORTHING, RESPONDENT, v. E. B. CUTTS, APPELLANT.

NEW TRIAL STATEMENT NEED NOT DESIGNATE GENERAL GROUNDS. A statement on motion for new trial need not designate the general grounds of error relied on, but only specify the particulars wherein the error lies—the Practice Act requiring the notice to designate the general grounds, and the statement to contain the specifications.

APPEAL FROM ORDER GRANTING NEW TRIAL—SUFFICIENCY OF EVIDENCE. The rule not to disturb the action of the court below as contrary to evidence where there is a conflict of evidence, applies to an appeal from an order granting a new trial for insufficiency of evidence.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The parties had been partners in the blacksmithing business at the town of Reno, in Washoe County, under the firm name and style of Cutts & Worthing. They dissolved about February, 1870. The material facts are stated in the opinion. Defendant appealed from the order of the court below granting the plaintiff a new trial.

*Webster & Knox*, for Appellant.

I. The statement on motion for new trial did not set forth the grounds upon which plaintiff intended to rely, and

should have been disregarded and the motion denied. *Wing* v. *Owens*, 9 Cal. 247; *Adams* v. *Oakland*, 8 Cal. 510; *McWilliams* v. *Herschman*, 5 Nev. 266.

II.   The evidence set forth in the statement fully sustains the verdict of the jury as to plaintiff's right to recover no more than the amount of the verdict.   The preponderance of evidence is in favor of defendant, and the jury are judges of its weight when conflicting.   3 Graham & Waterman, 1267, 1268; *Miller* v. *Simpson*, 2 Mills Const. R. 440; *Garland* v. *Willing*, 6 Geo. 310; 2 S. C. Const. R. 593; 7 Mass. 261.   When the court and jury differ on a question of fact the jury are presumed to be right.   3 Graham & Waterman, 1284.   Where there is a conflict in the testimony the verdict of a jury should not be disturbed.   *State* v. *Yellow Jacket S. M. Co.*, 5 Nev. 418; 2 A. K. Marshal, 521; 3 Graham & Wat. 1241.   Where there is any evidence to support the verdict it should stand notwithstanding the judge who presided at the trial may personally disapprove of it.   3 Graham & Waterman, 1269, 1296; *Ophir S. M. Co.* v. *Carpenter*, 4 Nev. 548.

III.   In this case there is no such preponderance of evidence against the verdict as will justify the action of the court below in setting it aside and granting a new trial. The preponderance of evidence is in favor of defendant and sustains the verdict.   3 Graham & Wat. 1249; *Hall* v. *Hodge*, 1 Texas, 323; *Winchell* v. *Latham*, 6 Cow. 682; *Lawrence* v. *Burnham*, 4 Nev. 361.

*Thomas E. Haydon*, for Respondent.

I.   An order granting a new trial is almost entirely within the discretion of the court below, rarely the subject of an appeal, most rarely deemed worthy the consideration of an appellate court, and never so where there is a conflict of evidence or the slightest testimony to uphold it.   See *State* v. *Yellow Jacket S. M. Co.*, 5 Nev. 421; *Phillpotts* v. *Blasdel*, ante, 61; *Oullahan* v. *Starbuck*, 21 Cal. 414; 12 Cal. 48; 21 Iowa, 337; *Wilcoxon* v. *Burton*, 27 Cal. 232.

II.   It is not necessary to set out the general grounds of a motion for new trial in a statement.   That is properly

done in the notice, and the statement is merely required to specify the particulars in which the evidence is not sufficient or the particular errors of law, which this statement does in the assignment of errors at its close. Practice Act, Sec. 197.

By the Court, LEWIS C. J.:

Action by Worthing to recover the sum of nine hundred and forty-three dollars alleged to be due upon the settlement of a partnership account. Verdict and judgment for the plaintiff for fifty dollars. Motion was made by the plaintiff for new trial, which was granted, and the defendant appeals.

The first point made in this court is that the statement on motion for a new trial should have been disregarded by the court below and as a consequence that it should have denied the motion because the statement did not designate the general grounds of error relied on. But the Practice Act does not require such designation, but only that the statement shall specify the *particulars* wherein the error lies. The *notice of motion* is required to state generally the grounds of error, and then it is provided by section 197 that "when the notice designates as the ground upon which the motion will be made, the insufficiency of the evidence to justify the verdict, or other decision, the statement shall specify the particulars in which the evidence is alleged to be insufficient. When the notice designates as the ground of the motion error in law occurring at the trial and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely. If no such specifications be made, the statement shall be disregarded." Thus it will be seen the notice of motion for new trial shall designate the general grounds of the motion ; and the statement shall contain the specifications. The statement in this case contains the required specifications, but does not contain the general grounds of the motion, nor under the Practice Act was it necessary. The objection to the statement therefore seems unfounded, and it was properly considered by the court below.

When a new trial is granted by the judge at *nisi prius* upon the ground that the verdict is not warranted or sustained by the evidence, and an appeal is taken from such order, the rule invariably governing the appellate tribunal is not to disturb the action of the judge below if there is a material conflict in the evidence. It is said by the supreme court of California in *Oullahan* v. *Starbuck*, 21 Cal. 413, "It is not enough, however, to authorize any interference with the action of the court below either in granting or refusing a new trial for alleged insufficiency of the evidence, that an appellate court, judging from the evidence as it is reduced to writing, would have come to a different conclusion. The court before which the witnesses are examined is generally better qualified to determine the propriety of granting or refusing a new trial on this ground than any appellate court; and its action in this respect will not be disturbed except for the most cogent reasons."

In the case at bar, it cannot be denied that the evidence was conflicting and that the positive testimony of the plaintiff sustained his claim; hence under the rule above stated we cannot disturb the action of the judge below.

The order granting a new trial must be affirmed.

GARBER, J., did not participate in the foregoing decision.