[No. 6,942.—Department No. 1.]
## WITHERBY *v.* THOMAS.

NEW TRIAL—CONFLICT OF EVIDENCE.—The evidence in the case held to be
conflicting.
INSTRUCTIONS—CONFLICTING INSTRUCTIONS—REFUSAL OF INSTRUCTIONS.—Certain instructions, discussed by the Court, *held* not to be conflicting, and others *held* to have been properly refused.
EVIDENCE—INCREASE OF CATTLE.—Certain testimony held to be admissible.

APPEAL from a judgment for the plaintiff, in the Eighteenth
District Court, County of San Diego.  SEPULVEDA, J.

It appeared, from the evidence on both sides, that after the
termination of the first contract, referred to in the opinion, the
increase of the cattle were not divided, but all the cattle re-
mained together until the termination of the second contract;
that upon sales of cattle, pending the contract, and upon the
final division of the cattle at its termination, the plaintiff claimed
to be entitled to one-half of all the increase, including the in-
crease of the increase belonging to the defendant under the first
contract, and received that proportion of the cattle divided, and
of the proceeds of the cattle sold as reported by the defendant;
but the plaintiff claimed that the defendant had not reported
all of the cattle, but had fraudulently disposed of some of them,
and that others were lost by his negligence.

The defendant, in his answer, set up a counter-claim for the
excess of cattle, and of the proceeds of cattle received by plaint-
iff over his share.

The second instruction, referred to in the opinion as being re-
-fused by the Court, is as follows:

"2nd.  The contract of August 26th, 1875, is, therefore, to be
construed as being a contract for keeping Witherby's share of
the contract only, to wit; the original stock, and an undivided
half of the increase thereof, on the 1st day of May, 1875, upon

the terms specified in said contract, and does not include or refer to the undivided half of the increase of the cattle belonging to Thomas.

The other facts are stated in the opinion.

*Glassell, Smith & Smith,* for Appellant.

The third instruction, given at the instance of plaintiff, was clearly erroneous, and was in effect an instruction to find for the plaintiff upon the main point involved. (*Black* v. *Sprague*, 54 Cal. 266.)

The Court erred in refusing to give the second instruction asked by the defendant. (*People* v. *Ramirez*, 13 Cal. 172; *Conroy* v. *Duane*, 45 id. 608; *Lightner* v. *Menzel*, 35 id. 459; *People* v. *Williams*, 32 id. 284.)

*Chase & Leach, and E. Parker,* for Respondent.

The third instruction clearly states the contract as claimed by the defendant.

The principle stated in the third instruction, asked by the defendant and refused by the Court, was clearly announced in the other instructions given by the Court. Defendant could not claim more than one-half of the increase of the original stock, and one-half of the increase from plaintiff's half of the increase due from the defendant. The Court so instructed the jury.

No objection was made to the evidence of the witnesses Manasse and Parker, as to what the increase of cattle ought to be. Their testimony, as to what numbers ought to have been on hand at the expiration of the first contract, was but a computation made by them, based upon facts already before the jury.

MORRISON, C. J.:

This is an action upon two promissory notes, executed by defendant and payable to plaintiff. The execution of the notes is not denied, but defendant sets up in his amended answer and cross-complaint two contracts entered into between the parties to the action, one of which bears date May 8th, 1870, and the other the 26th day of August, 1875.

The first of these contracts recites, that the party of the first part (plaintiff) has furnished and delivered 363 head of cows to the party of the second part (defendant) for the term of five years, the same to be kept and taken care of by defendant, and at the expiration of the period of five years to be redelivered to the plaintiff, "together with one-half of the increase."

The second contract, after referring to the first, and enumerating the number of cattle delivered the defendant thereunder, proceeds as follows: "And whereas, the term for which said stock was let having expired, both parties wish to renew the same contract and extend the time thereof: Now, therefore, it is hereby agreed between the parties hereto, that the party of the second part shall keep and retain all of the original stock, and the increase thereof now due from him to the party of the first part, for the term of five years from this date, or until the same are disposed of by the party of the first part, upon the same terms and conditions upon which the stock was originally taken, to wit, for one-half the increase thereof; it being distinctly understood that the party of the first part has and retains the right, at any and all times, to sell any or all of the original stock, or any or all of his share of the increase thereof at his pleasure."

Several matters constituting counter-claims are set up in defendant's answer and cross-complaint, arising out of alleged sales by plaintiff of stock in which the defendant was interested as part owner, the payment of taxes, and other matters particularly set forth in the pleading. All of the matters contained in defendant's cross-complaint are fully answered and denied by the plaintiff. The jury found in favor of the plaintiff for the amount of the two promissory notes with interest, and plaintiff had judgment therefor. Defendant made a motion for a new trial, which was denied, and this appeal is taken from the judgment and order of the Court below denying defendant's motion for a new trial.

1. The first point made on the appeal is, that the verdict was contrary to the evidence. It is sufficient for the Court to say, in disposing of this point, that there was a substantial conflict in the evidence, and in such cases it is well settled that we will not disturb the verdict. The case was peculiarly one for the

jury to pass upon, as it included many questions of fact, in relation to some of which the witnesses testified to *chances and probabilities*, rather than to positive facts. This was notably so when witnesses were called on behalf of the plaintiff to testify to the probable rate of increase, and other witnesses were called on the part of the defendant to testify to the number of the cattle that had probably died.

2. The second point made by defendant is, that the third instruction given by the Court was erroneous. The following was the instruction complained of:

"Third.—That the contract of August 26th, 1875, was in effect a continuation of the contract of 1870, previously existing between the parties concerning said property, and you will examine said contract of 1870 in connection with that of 1875, and in reading them together will give to them the same effect as the first made would have had, had it been made for ten years, with the reservation to plaintiff of the right of sale of said property contained in said agreement of 1875, and that the defendant, under the agreement of 1875, was to keep and retain all of the original stock and the increase thereof that was due from the defendant to plaintiff for the term of five years upon the same terms and conditions upon which the stock was originally taken, to wit, one-half of the increase thereof."

This instruction may be subject to criticism as being somewhat vague and possibly inconsistent, for it was not strictly accurate to say that the contract of 1875 was in effect a continuation of the contract of 1870. When the contract of 1870 was entered into, there had been no increase, and each party was entitled to one-half of the increase thereafter accruing; but when the contract of 1875 was made, the defendant was entitled to *one-half of the increase existing at that time.* When, therefore, the contract of 1875 was made, the increase to be thereafter divided between the parties was not the increase of the entire stock, but simply the increase of the original stock and the increase of the one-half of the increase belonging to plaintiff. This may be gathered from the language of the instruction as the meaning of the Court, "that the defendant, under the agreement of 1875, was to keep and retain all of the original stock and the increase thereof that was due from the defendant to the

plaintiff for the term of five years upon the same terms and conditions upon which the stock was originally taken, to wit, one-half the increase thereof."

This did not include any portion of the increase belonging to the defendant at the time the contract of 1875 was made, and was, therefore, correct.

But whatever uncertainty there was in the foregoing instruction was removed by the following instruction, which was also given by the Court:

"In the agreement of August 26th, 1875, it was agreed that Thomas should keep and retain all of the original stock, *and the increase thereof due from Thomas to Witherby*, for the term of five years from that date, or until the same were disposed of by Witherby, upon the same terms and conditions upon which the stock was originally taken, to wit, for one-half of the increase thereof."

This was certainly the import of the agreement of August 26th, 1875, clearly and distinctly stated to the jury. We are, therefore, of the opinion that the jury could not have been misled, and the defendant could not have been prejudiced by any apparent conflict found in the third instruction.

3. The next error assigned is in the refusal of the Court to give the second and third instructions asked by the defendant. In answer to this, it is sufficient to say that the third instruction did not contain a correct statement of the law, and the second instruction was fully covered by the instructions given and referred to above.

4. The fourth error alleged is, that the Court erred in giving the fourth and fifth instructions asked by the plaintiff. The fourth instruction merely relates to the degree of care the defendant was required to exercise in keeping the stock, and was correct. The fifth instruction was to the effect that the defendant was required to account for all the original stock received by him from the plaintiff, and the increase thereof, and was, in our opinion, properly given.

5. It is claimed by the appellant that the Court erred in giving the following instruction to the jury:

" 2nd. That under said contract the defendant is not entitled to recover for keeping and taking care of said property prior to

the time that said property was finally divided and turned over to plaintiff and said business venture was closed, unless the jury find from the evidence that after entering into said contract the said parties entered into another contract, fully terminating the one previously made, and releasing defendant from his original obligation."

It was not contemplated by the terms of the first or second contract that the defendant should receive any pecuniary consideration for keeping the cattle, and unless a new contract was made, imposing upon the plaintiff the obligation of paying the defendant such compensation, none existed. The instruction was therefore correct.

6. The next error assigned is, that the Court erred in refusing to permit the defendant to amend his answer. The transcript shows (fol. 115) that on the trial the defendant moved the Court for leave to amend his answer, to which plaintiff objected unless terms were imposed, and thereupon defendant stated that he would rather withdraw the motion than have it granted on terms, " *and thus the matter ended.*" There was no ruling of the Court on the subject, and no exception taken.

7. The seventh and last point presented on this appeal is, that the Court erred in overruling defendant's objection to the evidence of Manasse and Parker. The witness Manasse and one Cassidy were experienced stock-raisers, and were called to testify to the usual increase of cattle in that part of the country ; and they did testify what, as a general rule through good and bad years, such increase would be. To this evidence no objection was interposed, and then the witness Manasse was asked the following question :

"According to the usual rate of increase and loss, how many, if any, cattle would there have been remaining after the sale last mentioned, and how many on the first of August, 1878 ? "

The defendant objected to the question, on the ground that such evidence was hypothetical, speculative, and delusive ; that it had no tendency to prove the number of cattle actually on hand at the dates mentioned, or to show any breach of contract or negligence on the part of defendant. The Court overruled the objection, and the defendant excepted. The witness answered that he had figured upon that data—the data already given by him—and stated the result.

It was simply an arithmetical calculation made by the witness, the correctness or incorrectness of which could have been tested by any one familiar with figures, and therefore could not, in our opinion, have worked any injury to the defendant. The same may be said of the evidence of the witness Parker.

We have now examined all the points made on the appeal, and failing to find any substantial error in the proceedings in the Court below, the judgment and order are affirmed.

McKEE, J., and ROSS, J., concurred.