SAVAGE, Respondent, v. SWEENEY, Appellant.[*]

No. 7084; June 28, 1882.

**Contract to Furnish Girders of "Best Quality"—Construction.—** A contract for the manufacture and delivery of "girders" of the best quality of pig iron, "to be put in place within forty-six days," must, considering the time limit, be held to mean the best quality to be found in the state, rather than in all the world.

**Appeal—Order for New Trial.—When the Trial Court Determines** it has erred in its findings and orders a new trial accordingly, the order is not to be disturbed if the error was the finding of a material fact without sufficient evidence, or contrary to evidence, or on a conflict of evidence.

APPEAL from Nineteenth District Court, San Francisco.

Jarboe & Harrison for appellant; R. R. Provines for respondent.

McKEE, J.—Action to recover the amounts claimed to be due for work done and materials furnished in the alleged performance of two contracts.

The case was tried without a jury, and the court found, (1) that the plaintiff had performed his first contract for which he had been paid, except the sum of two hundred and ten dollars, which was due and unpaid at the commencement of the action; (2) that the plaintiff had not performed his second contract, except in part, for which he had been paid three thousand five hundred dollars, and as there had not been full performance, there was nothing due on the contract. Judgment was accordingly entered in favor of the plaintiff, for the balance due upon the first contract; but afterward the court below, on a motion for a new trial, upon a settled state-

---

*For subsequent opinion in bank, see 63 Cal. 340.

ment of the case, set aside its judgment and finding, and ordered a new trial, from which the defendant appealed.

The record of the case, upon which the new trial was ordered, shows that, on October 17, 1873, the plaintiff, by contract in writing, undertook to make and furnish the defendant, within forty-six days after the date of the contract, twelve cast-iron columns, twelve molded ring-caps and twenty-four cast-iron girders for the first story of the Hall of Records of the New City Hall, in course of construction in the city and county of San Francisco, for which the defendant agreed to pay eight thousand three hundred dollars, in installments according to the terms and conditions of the contract.

Plaintiff, in performance of the contract, furnished the columns and molded iron-caps, and they were accepted and used in the building; he also furnished on the ground twenty-four cast-iron girders, but they were not accepted, for the reason assigned that ''they were not of the best quality of pig iron.'' The court found that they were not of the best quality of pig iron and were properly rejected; but the finding does not appear to have been sustained by the evidence. For the record shows that the girders furnished were made of the best quality of iron obtainable in the San Francisco market; and there is no evidence to the contrary, or that a better quality could have been obtained elsewhere within the state.

Performance by the best quality of iron obtainable in San Francisco market, it is claimed, was not performance according to the contract, because the contract required the best quality of pig iron without reference to place; and if the best was not obtainable at the place where the contract was made, it was the duty of the contractor to get it elsewhere. But, as the contracting parties stipulated for the manufacture and delivery of the girders so as to be put in place within forty-six days after the date of the contract, performance would have been impossible if they had to go outside of the state for materials necessary for their construction. Considering the circumstances under which the contract was made, and the relation of the contracting parties to the subject matter of the contract, we think it was manifestly the intention of the parties that the girders should be made of the best quality of

pig iron obtainable in the markets of the state. The plaintiff was not bound to procure any other; and as the record shows that he performed his work of the best quality of iron obtainable in the market, it should have been accepted.

Where one or two contracting parties perform work according to contract, it is the duty of the other to accept and pay for it.

Having determined that the fact found was contrary to the evidence, or on a conflict of evidence, the court below acted properly in setting aside the judgment and finding; and ordering a new trial. This court never disturbs such an order where it appears to have been made on the ground that a material fact has been found without sufficient evidence, or contrary to evidence, or on a conflict of evidence: Oullahan v. Starbuck, 21 Cal. 413; Hathaway v. Ryan, 35 Cal. 188; Witherby v. Thomas, 55 Cal. 9; People v. Anthony, 56 Cal. 397.

Order affirmed.

McKINSTRY, J.—I concur in the judgment. The specification referred to in the contract commences: "All the cast-iron work to be made of the best quality of pig iron." If iron in pigs is graded or classified in the trade—the classes being generally recognized among dealers, foundrymen, and other workers in iron—I think the specification called for the first or best class, independent of the circumstance that there happened to be none of that class in this market when the contract was entered into or the work done. There seems to have been no evidence as to such recognized classification, and while the evidence on the part of the plaintiff is not very satisfactory, yet the testimony of at least one of his witnesses tended to prove that the best quality of iron—that "sought for by all machine shops and foundries for good work"—was used in the rejected castings. Under the circumstances, as it seems to me, the interests of justice will be subserved by a new trial, and I am not disposed to interfere with the action of the learned judge who saw and heard the witnesses.

ROSS, J.—I concur in the judgment and in the views expressed by Mr. Justice McKinstry.