ALBANY,
Oct. 1825.

Dunlop
v.
Patterson

---

DUNLOP and MEIGS *against* PATTERSON.

ON error from the Albany Common Pleas. The action was trover, originally brought by the defendant against the plaintiffs in Error, for the sloop or boat William, in a Jus-

Under the former statute, (sess. 41, ch. 94, s. 17, 18, 19,) allowing,

and regulating proceedings upon, appeal to the C. P. from a justice's court; whether a witness sworn in the court below, without objection to his competency on the ground of interest, could be excluded in the C. P. on that ground? *Quere.*

A witness not sworn in the court below, was inadmissible to prove such interest in the C. P.

*It seems,* that error will not lie for the mere omission of a court to charge the jury upon a part of the evidence or matter of law, to which the attention of the court was not drawn by the party.

But if they comment upon a piece of testimony given to the jury; and leave it generally open for the jury to pass upon, without adding such views, as to its credibility, as the law requires the jury to consider, the judgment will be reversed.

Thus, where the material fact in a cause depended, for its proof, upon the testimony of F, a single unsupported witness, who swore to that fact; but upon whose cross examination, it was plain that he had perjured himself, either in the cause pending or in a former cause relative to the same matter; and the court charged the jury that he was competent; that they might give his testimony such weight as they thought it deserved; that it was, in some measure supported by R, (a witness who had agreed with the testimony of F, in a collateral, immaterial fact;) and therefore entitled to that additional weight; *held,* that the jury should nave been instructed to disregard F's testimony; that the court erred in not so instructing them; and the judgment was, for that cause, reversed on error, upon a bill of exceptions presenting this point.

tice's court of the county of Albany.  A verdict being for the plaintiff in that court, the defendants there brought and prosecuted an appeal to the Albany Common Pleas, pursuant to the former act, (sess. 41, ch. 94, s. 17, 18, 19,) and the cause coming on to be tried there, Orin Fuller, was offered as a witness on the part of Patterson, the appellee. The appellants objected to his introduction, on the ground that he was interested in the event of the suit ; and proposed to establish his interest by the testimony of John O. Cole, who was not sworn before the Justice's Court.  His introduction as a witness being objected to, on this ground, he was excluded by the C. P. who gave as an additional reason that it did not appear by the Justice's return.  That Fuller was objected to as being interested in the Justice's Court. The counsel of the appellants excepted to this decision.

Fuller being sworn, stated that he purchased the boat as agent for the appellee ; and swore to various facts tending to show that it belonged to him; as that he bought it with the appellee's property, being in trade on commission for the appellee, with a sign importing a commission store. Among other things, however, he acknowledged in a course of cross-examination, that he was a witness in a cause between other parties, in which the property of the same boat was in question ; on which occasion he swore that the boat was his own property, and afterwards told the same story to Meigs; when, in truth, at each time, he knew (as he said) it belonged to the appellee.  This witness was supported as to a few collateral facts by the testimony of Valentine W. Rathbone ; but not upon the main question, as to whom the boat belonged.

The additional facts necessary to an understanding of the points decided both here and in the court below, will be found stated in the opinion of the court.

The C. P. denied a motion to nonsuit the appellee ; and charged the jury that Fuller was a competent witness, whose testimony should go to the jury, who might give that weight to it which they thought it deserved; that his testimony was in some measure supported by that of Valentine W. Rathbone, and therefore entitled to that additional weight ; and that if the jury believed the testimony of Orin Fuller, that

Dunlop
v.
Patterson.

is, that he was actually trading upon commission under the said plaintiff, and was trading with the funds of the said plaintiff, and that the boat in question was purchased by the said Orin Fuller, for the said plaintiff, and with the money or goods of the said plaintiff, then they ought to find a verdict for the said plaintiff, for the value of the said boat, but if they believed, from the testimony before them, that the said Orin Fuller was not trading upon commission under the said plaintiff, nor with his funds, but was trading with his own funds, and had bought the said boat with his own money or goods; and had put up his sign, and held out to the world that he was trading as a commission merchant, merely to defraud his creditors, they ought to find a verdict for the defendant."

To this charge the appellants' counsel excepted; and the jury found for the appellee, $50 damages; and the appellants brought error to this court.

*J. T. B. Van Vetchen,* for the plaintiffs in error.

*Vanderheyden* and *Van Antwerp,* contra.

*Curia,* per WOODWORTH, J.   I incline to the opinion that the Court of Common Pleas decided correctly, in disallowing the testimony of Cole, to prove Fuller an interested witness.   He was sworn before the justice; and no objection taken to his competency.   When a cause was brought before the court by appeal, the act in question declared, that the parties should proceed to the hearing on an examination of the same witnesses named in the return, that were sworn and testified before the justice, unless they should have been objected to, and illegally admitted. (4 Laws, sess. 41, ch. 94, s. 19, p. 83.)   The intention of the act was, that the merits of the cause should be tried on appeal, by the same witnesses and testimony given in the court below.   If objections to the competency of a witness could have been raised, for the first time, on the appeal, the consequence might have been, that the evidence upon which the recovery was had, would have been excluded; and if so, there could not have been a trial of the merits upon the same testimo-

ALBANY,
Oct. 1825.

Dunlop
v.
Patterson.

ny. Such a construction of the act would have given an undue advantage to the party omitting to take the objection to the competency of a witness *in limine*, and reserving it, to exclude him, in case of an appeal. It is obvious that such a course might operate as a surprise upon the adverse party when, perhaps, the objection might have been obviated, if taken in the court below. Besides, how could it have been known that the appellant was not apprized of the interest of the witness, on the first trial? If it was known, the omission to object might well have been considered a waiver.(a)

The next question is, was the charge of the court of Common Pleas correct? In deciding this point, we cannot take into view any omission of the Judge to charge the jury on matter of law which may be deemed essential; especially when the attention of the court was not called by the counsel to the points alleged as material to be given in charge.(b) The exception, then, applies to the opinion delivered. It that is correct, as far as it proceeds, the exception is not well taken.

(b) Vid. *Douglass v. M'Allister*, 3 Cranch, 298. *Smith v. Carrington*, 4 id. 62. *Vasse v. Smith*, 6 id. 226. 17 John. 218. Reg. Gen. Dist. Court Phil. Wharton's Penn. Dig Error, A.

The court stated to the jury, *that Fuller's testimony was competent; that they might give it such weight as they thought it deserved; that it was, in some measure, supported by Rathbone, and, therefore, entitled to that additional weight.*

After an attentive consideration of the evidence given by Fuller, it seems to me that this part of the charge was manifestly erroneous. The jury, it is true, are judges of fact, and the credibility of witnesses; but in the exercise of this power, they must be governed by the judgment of law on the facts. If the law has adjudged that certain facts render a witness unworthy of credit, the jury cannot rightfully give credit to his testimony or found a verdict upon it. They have no arbitrary discretion. It is their duty to follow the advice of the court as to the law. In this case, the charge

(a) The frequent questions made under the act here in questions, as to the admission of evidence upon appeal, in reference to what evidence was received by the justice, cannot now arise. The late act, (sess. 47, ch. 238,) does not prohibit the introduction of testimony on appeal, as upon an origi nal trial, without regard to the evidence in the justice's court.

gave them the most extensive range. Their attention was not called to the fact, that Fuller, by his own admission, had sworn falsely. According to himself, on a former trial, he testified that the boat in question was his own property; and subsequently declared the same thing to Meigs; and that at the time he so testified, it was in truth the property of Patterson. On the trial in this cause, he testified that it was not his property; but belonged to Patterson. No reason whatever is assigned for this prevarication, and disregard to truth. He was not, therefore, a credible witness, unless supported as to the material fact which he attempted to establish. The law will not permit either life or property to be put in jeopardy by such testimony. If it would, there must be but little security for either. A stronger case could scarcely be made out than that of a witness who, by his own statement, appears to be guilty of false swearing. This imputation is warranted by the circumstances disclosed in the case; for it cannot be pretended that he, who was the purchaser of the boat, did not know whether the purchase was for himself, or another person. If he knew his testimony was false, either on the first or second trial, how could the jury safely rest on such testimony? But it was said that he was, in some measure, supported by Rathbone. This I apprehend to be a mistake. Rathbone's testimony was immaterial and irrelevant. He proved the sale of goods to Fuller on account of Patterson, for which the latter agreed to pay; but says nothing in relation to the right of property in the boat. Fuller may have testified truly in this respect; but it neither impeaches, nor supports the testimony in question. When the court instructed the jury to give the evidence the weight they thought it deserved, this implied that they had an uncontrolled discretion, to do as their judgments might direct; without any legal restraint as to the manner of exercising it. Under such a charge different jurors would probably form different opinions, founded on considerations not recognized by the law. The court ought to have charged the jury, that the testimony of Fuller was so strongly impeached as to justify them in disregarding it altogether; that the unsupport-

ed testimony of a single witness, who swore at one time ir direct contradiction to the testimony given by him at another, in relation to the same transaction, was not entitled to credit, and ought not to be regarded. If the charge had been of such a character, it is probable the result of the trial would have been different.

My opinion is, that this exception is well taken; that the judgment be reversed, and a *venire de novo* issue in the court below.

Judgment reversed.