### MORGENTHAU et al. v. WALKER.

(Common Pleas of New York City and County, General Term.   February 6, 1893.)

APPEAL—REVIEW OF EVIDENCE—CREDIBILITY OF WITNESS.

 The testimony of a witness who is found to have intentionally sworn falsely on a material issue in the action is of no legal force or effect as to another matter, in respect of which he is contradicted, and is not sustained by corroborative evidence; and a judgment resting on such testimony alone will be reversed as wholly without evidence.

(Syllabus by the Court.)

 Appeal from city court, general term.

 Action by Henry Morgenthau and others against Elizabeth H. Walker to recover commissions for the sale of real estate.   From a judgment affirming a judgment dismissing the complaint, plaintiffs appeal.   Reversed.

 For former report, see 20 N. Y. Supp. 991, mem.

 Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.,

 Lachman, Morgenthau & Goldsmith, (Samson Lachman, of counsel,) for appellants.

 Alex. Thain, for respondent.

 PRYOR, J.   As brokers, the plaintiffs sue to recover an agreed commission for the sale of defendant's property.   The negotiation with the plaintiffs was conducted by the defendant's husband; and the learned referee finds that he was duly authorized to sell the property, and to employ plaintiffs for that purpose, that, in fact, he did employ them, and did promise to compensate them for the service.   But the referee finds also that the purchaser produced by the plaintiffs refused to accept defendant's offer; and that, as a legal consequence, they were not entitled to judgment.   Accordingly the complaint was dismissed, on the merits.   Hence the only question before this tribunal is whether the record exhibits any evidence to support the referee's finding; for, if there be such evidence, however unsatisfactory to us, we have no jurisdiction, as a court of the review of errors in law only, to disturb the judgment below.   Upon an attentive examination of the evidence, we are clearly of opinion that it was sufficient, if believed, to justify the finding that the terms of the defendant's offer of sale were never accepted by the intending purchaser.   Undoubtedly the plaintiffs produced cogent evidence of such acceptance; but, then, the witness Walker gave testimony to the contrary, and, if he is to be credited, there was a conflict of evidence upon which the decision of the trial court is obligatory on us.   But appellants contend that the testimony of Walker was of no legal force or effect, and for these reasons:   That he was the husband of the defendant, and so a

hostile witness, whom they called from necessity; that his testimony was prevaricating and inconsistent with conceded facts; that it was contradicted by adverse evidence of cumulative and impressive character; and especially that, by the findings of the referee on other material issues, he was convicted of intentional false swearing. Nevertheless, however, if his evidence was of any legal value, the credibility of the witness, and the truth of his testimony, were still problems for solution by the trial court only; and, after affirmance of its decision by the general term, we are powerless to discredit the evidence.

Upon the application and effect of the maxim "falsus in uno, falsus in omnibus," the adjudications by the courts of this state are in irreconcilable conflict. Dunlop v. Patterson, 5 Cow. 243; Dunn v. People, 29 N. Y. 523; Lee v. Chadsey, *42 N. Y. 225; People v. Evans, 40 N. Y. 1; Pease v. Smith, 61 N. Y. 477; Place v. Minister, 65 N. Y. 89; Wilkins v. Earle, 44 N. Y. 172; Butler v. Truslow, 55 Barb. 293; Brett v. Catlin, 47 Barb. 405; Warren v. Haight, 62 Barb. 490. In a subsequent case, (Deering v. Metcalf, 74 N. Y. 501,) an attempt was made to evolve from these discrepant rulings a consistent principle of decision, namely:

"The fact that the testimony of a witness is shown to be untrue in some particular does not, as matter of law, where it is not made plain that the testimony was corruptly given, require his testimony, as to other matters, in which it is not contradicted, to be disregarded. A court of review, therefore, cannot, as matter of law, hold that a finding based solely upon such uncontradicted testimony is without evidence to sustain it."

The court then queries whether the rule would be different when it conclusively appeared that the witness was corruptly false in testimony which was contradicted. The precise point adjudged in the case was that where a witness (defendant in the action) who had sworn to two items in an account was believed by the referee as to one item, and disbelieved as to the other, in respect of which he was contradicted, it was not error in law to find the one item on his unsupported testimony. It will be observed, however, that the court conditions the credibility of the witness as to the fact found upon the postulate that, as to that fact, his testimony was uncontradicted; whereas here the testimony of the witness, as to the fact found, was overborne by persuasive evidence to the contrary. And not that alone. His testimony to the fact that the defendant's offer was not accepted, that an agreement to sell was not concluded, was inconsistent with the conceded facts that he permitted a formal contract to be drawn up in his presence, that he took it to the defendant for execution; and that he delivered the abstract of title to the plaintiffs, with instructions to make the search and prepare the deed. Nor is this all. His testimony to the point is in conflict with an implied admission of the defendant, who, after the contract was shown her, rejected it by this note to plaintiffs: "I have decided not to sell the property. If you have incurred any expense, kindly send me the bill." Here is no repudiation of the terms of the contract; no rejection of the proposed purchase because not in accordance with her offer, but only because she had "decided not to sell the property." "Expressio unius exclusio alterius." Placing her refusal to execute the contract solely upon the ground that

she had concluded not to part with the property negatives the inference that the terms were not in conformity with her offer. But still more destructive of the testimony in question is the finding of the referee upon other matters. In discredit of evidence by the witness directly to the contrary, the referee finds that he had authority to sell the property, and to employ plaintiffs for the purpose; that he did employ the plaintiffs, and did agree to pay them the commission. Now, these were facts of which the witness, in the nature of things, must have been personally cognizant; so that, by necessary implication, the referee found him guilty of intentional false swearing. It results, therefore, that the case is not within the rule enunciated by the court of appeals in Deering v. Metcalf. Nay more, the court expressly leave open the question whether the corrupt false swearing alone, as to some matter, would not, in law, totally invalidate the evidence of the witness; but here we have the added circumstances of discredit just recited. It is impossible to resist the conclusion that, upon the facts of the present case, the court of appeals would reject the testimony of the witness as of no legal value or efficacy. It may be answered, however, that, upon the language of the court in its opinion, it was for the referee to determine whether the witness had intentionally sworn falsely, to which the obvious reply is that the referee must have so found; for to disbelieve a witness as to a fact of which he necessarily has personal knowledge, and makes positive oath, is, beyond escape, to convict him of corrupt false swearing. But, even though we construe the findings of the referee as not convicting the witness of corrupt false swearing, still the court of appeals plainly intimate that, if in their judgment such was the fact, they would not affirm a judgment resting upon his uncorroborated testimony. From the most careful scrutiny of the evidence, it is our conviction that the judgment stands only on the contradicted and uncorroborated testimony of a witness conclusively shown to have intentionally sworn falsely as to material facts in the case. Judgment reversed, and new trial ordered, costs to abide the event. All concur.