JONATHAN L. SLATER, Respondent, *v.* CASPER J. DRESCHER, Appellant.

*Question as to whether a payment was in full or on account — wording of receipt — verdict against the weight of evidence — new trial — omission to request the direction of a verdict.*

72h    425
71 AD ³416

On the trial of an action brought to recover the alleged unpaid balance of an account for legal services, where the defendant claimed that a certain sum, less than the original account rendered, which had been paid by him to the plaintiff, had been accepted in full settlement thereof, it appeared that when such payment was made the plaintiff gave back a receipt in which he acknowledged the payment "to apply upon the account as rendered."

*Held,* that inasmuch as this receipt was taken and held by the defendant, it became some evidence in support of the plaintiff's claim.

An omission to request the trial court to direct a verdict is not a waiver of the right to move for a new trial upon the ground that the verdict rendered was against the weight of evidence, as distinguished from a motion for a new trial upon the ground that there was no evidence to support the verdict.

While the General Term doubtless has power to review the discretion of a trial judge, as exercised upon a motion for a new trial, upon the ground that the verdict was against the weight of evidence, it is not its policy to interfere with such discretion in awarding a new trial, unless it is apparent that there has been an abuse thereof.

APPEAL by the defendant, Casper J. Drescher, from an order of the Supreme Court, entered in the office of the clerk of the county

of Erie on the 15th day of April, 1893, setting aside the verdict of a jury rendered at the Erie Circuit as against the weight of evidence, and granting a new trial.

*Thomas Cary Welch*, for the appellant.

*Henry W. Brush*, for the respondent.

HAIGHT, J.:

This action was brought to recover the balance due for services rendered by the plaintiff as an attorney and counselor at law for the defendant in two certain actions to foreclose mechanics' liens, and for divers other legal services and consultations. An account had been rendered by the plaintiff for $280.07 upon which the sum of $125 had been paid. The defendant claimed that when the account was rendered he disputed the amount thereof, and that in view of a settlement of the two actions without trial the plaintiff agreed to accept $187.12 in full, and that the same was to be paid by crediting thereon the amount of the defendant's bill against him for plumbing, and the balance, $125 in cash, which was paid. His contention is supported by the evidence of himself, his son and book-keeper, and the verdict was in his favor. The trial court granted a new trial, as we have seen, upon the ground that the verdict was "against the evidence and the weight of evidence." The plaintiff asked for a new trial upon the ground that the verdict was against the weight of evidence, and it is upon that ground alone that the order must be supported, if at all, for it cannot be successfully claimed that there was *no* evidence to support the defendant's contention. When the money was paid over by the defendant to the plaintiff, he gave a receipt back therefor, and in such receipt he acknowledged the payment of the money to apply upon the account as rendered, etc., and inasmuch as this receipt was taken and held by the defendant, it becomes some evidence in support of the plaintiff's claim. Whether this receipt, when taken by the defendant, was read over by him so that he fully understood its contents does not appear.

It is quite possible that this court, upon the evidence as it stands, would not have felt justified in ordering a new trial. But the trial court had the advantage of hearing and seeing the witnesses when

they delivered their testimony, and is, therefore, better able to judge as to their character and truthfulness, and it is the practice to allow that court considerable latitude in the granting of new trials where the verdict is against what it believes to be the facts.

The plaintiff did not ask the court to direct a verdict in his favor. It is now claimed that, because of such omission, he admitted that there was evidence sufficient to carry the case to the jury, and that in submitting it to the jury, he took his chances upon recovering a verdict. It is quite possible that such is the rule where the new trial is asked for upon the ground that there was *no* evidence to support the verdict. In such a case, the ruling is upon a question of law, and may be followed by an exception. (*Peake* v. *Bell*, 7 Hun, 454; *Mortimer* v. *Doelger*, 11 N. Y. Supp. 583; *Keeler* v. *Dyeing Establishment*, 54 N. Y. Super. Ct. 369.)

But this is not the rule where the new trial is asked for upon the ground that the verdict is against the weight of evidence. Such a motion is authorized by the Code, and a verdict cannot be directed by the court upon the ground that the evidence of one party predominates over that of the other. (*Allgro* v. *Duncan*, 24 How. Pr. 210; affd., *Algeo* v. *Duncan*, 39 N. Y. 313; *McDonald* v. *Walter*, 40 id. 551; *Barrett* v. *The Third Avenue R. R. Co.*, 45 id. 628–632.)

In *Shearman* v. *Henderson* (12 Hun, 170), TALCOTT, J., criticised *Peake* v. *Bell* (*supra*), and refused to follow it. The criticism is just, provided the motion in that case was made upon the ground that the verdict was against the weight of evidence, or on account of insufficient evidence, which means the same thing. But, as we understand, that decision is placed upon the ground that there was no evidence to sustain the verdict. The trial court, in determining whether a verdict should be set aside as against the weight of evidence, must be controlled largely by the circumstances surrounding each case. There is no well-defined rule by which the judge must be governed. The motion is addressed to his sound discretion, and he should inquire as to whether or not substantial justice has been done. The General Term, doubtless, has the power to review the discretion of the trial judge, as exercised upon these motions, and is the only court that has such power. It has been its policy, however, not to interfere with such discretion in awarding a new trial

unless it was quite apparent that there had been an abuse thereof. (*Barrett* v. *The Third Avenue R. R. Co.*, *supra*; *Bannon* v. *McGrane*, 45 N. Y. Super. Ct. 517; *Langlois* v. *Hayward*, 36 N. Y. St. Repr. 59.)

The order should, therefore, be affirmed, with costs of this appeal to the respondent.

DWIGHT, P. J., and LEWIS, J., concurred.

Order appealed from affirmed, with costs of this appeal to the respondent.