JAMES H. FERGUSON and Another, as Surviving Partners, etc., Respondents, *v.* GEORGE H. GILL, Appellant.

*Manufacturing Act of* 1848 — *false certificate* — *individual liability* — *review of orders setting aside verdicts.*

In an action brought to enforce the individual liability for the debts of a corporation imposed by the Manufacturing Act (Laws of 1848, chap. 40, § 15), against officers of the corporation who have knowingly signed a false certificate, the burden is placed upon the plaintiff of establishing that the certificate filed was in point of fact false, and that the defendants signed it with knowledge of its falsity.

When a trial judge becomes impressed with the preponderance of the evidence in favor of the party against whom a verdict has been rendered, or thinks that injustice has been done by the verdict, it is a proper exercise of the power vested in him, to set aside the verdict upon the ground that it is contrary to the weight of evidence.   (§ 999, Code Civ. Proc.)

The reasons for sustaining, on appeal, an order made by a trial judge setting aside a verdict are not limited to the reasons assigned by the trial judge for his action ; but when there are other reasons for setting aside the verdict they must be given due weight.

A correct decision should stand, whether all the reasons therefor be assigned or not.

APPEAL by the defendant, George H. Gill, from an order of the Supreme Court, made at the New York Circuit and entered in the office of the clerk of the city and county of New York on the 24th day of January, 1893, setting aside a verdict in favor of the

defendant rendered by the jury and granting a new trial upon the plaintiffs' motion made upon the minutes.

*Charles E. Rushmore*, for the appellant.

*Benjamin Estes*, for the respondents.

O'BRIEN, J. :

This action was brought to enforce a liability against defendant for certain debts of a corporation organized under the Manufacturing Act (Laws of 1848, chap. 40), on the ground that he, being a trustee of that company, joined in the making and filing of a false certificate that the capital stock of the company had been paid in. The trial resulted in a verdict for the defendant, and thereupon the plaintiffs moved the trial court on the minutes to set aside the verdict and grant a new trial on the ground that it was against the evidence, and on the ground of rulings made upon the trial, and upon all the grounds mentioned in section 999 of the Code of Civil Procedure. The motion was granted, and it is from the order granting such motion that the defendant appeals.

In the memorandum filed by the learned judge he says : " I am of the opinion that the verdict rendered by the jury was contrary to the evidence." The liability sought to be enforced was predicated upon the 15th section of the Manufacturing Act of 1848, which reads as follows : " If any certificate or report made or public notice given by the officers of any such company in pursuance of the provisions of this act should be false in any material representation, all the officers who shall have signed the same, knowing it to be false, shall be jointly and severally liable for all the debts of the company contracted while they are stockholders or officers thereof."

It will thus be seen that the burden was placed upon the plaintiffs of establishing two things : *First*, that the certificate filed was in point of fact false, and *second*, that with knowledge of its falsity the defendant signed it. Upon an examination of the evidence we think that a preponderance thereof inclined to the view that the burden upon the first question as to the certificate being false in point of fact was sustained.

Upon the second question as to whether the defendant knowingly signed it, there was an undoubted conflict of evidence, and neither

First Department, December Term, 1893. [Vol. 74.

side took exception to the presentation by the court of this question to the jury. Subsequently to the rendition of the verdict, and upon consideration, the trial judge, as shown by the memorandum, reached the conclusion that the verdict of the defendant was contrary to the weight of evidence, and upon this ground granted the motion.

In passing upon a motion of this character it must be remembered that the trial judge has had the advantage of seeing the witnesses, hearing their testimony, noting their manner and of becoming impressed with the weight to be attached to evidence offered, which it is impossible to have photographed upon the record on appeal. And in a case where he becomes impressed with the preponderance in favor of either side, or thinks that injustice has been done by the verdict, it is a proper exercise of the power vested in him to set aside such a verdict. We are unable to see that the power thus vested in the trial judge has in this instance been abused.

But, apart from the ground upon which he placed his decision, we think that there are other reasons, which are available upon appeal, though not referred to in the memorandum of the trial judge in granting the motion, which would have justified the disposition made.

The most we think that could be claimed by the defendant upon this question of the known falsity of the certificate is, that upon the evidence it was a close one, and the effect of immaterial or incompetent evidence cannot be overlooked, because it is difficult to determine what effect such testimony may have had on the minds of the jurors. Thus, in this case, against the objection and over the exception of the plaintiffs, considerable testimony was admitted tending to show that one of the plaintiffs, Ferguson, was cognizant of the steps leading up to the formation of the corporation; that he had knowledge of the way in which it was proposed to issue the stock, and of the slight value of the patent in payment for which the entire capital stock of $100,000 was issued. That the plaintiffs, or either of them, aided or abetted in the plan by which the entire capital stock was issued for the letters patent is not claimed, and in the absence of such a contention or issue we fail to see how their knowledge of what was done by the corporation, or of the value of the patent can affect the question of whether or not the defendant knowingly signed the false certificate. We think that such evidence

was both incompetent and immaterial, and, no doubt, tended to prejudice the plaintiffs with the jury.

There are other rulings to which exceptions were taken by plaintiffs equally good; but we think sufficient has been said to show that where there are other reasons than those assigned by the trial judge for setting aside a verdict, these must be given due weight upon an appeal such as this — the rule being that a right decision should stand whether all the reasons be assigned or not. (*Marvin* v. *Universal Life Ins. Co.*, 85 N. Y. 278, 284.)

The order should be affirmed, with costs and disbursements.

VAN BRUNT, P. J., and PARKER, J., concurred.

Order affirmed, with costs and disbursements.

