(9 Misc. Rep. 68.)

### HORAN v. CENTRAL PARK, N. & E. R. R. CO.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

APPEAL—DISCRETION OF TRIAL COURT.

An order of the trial judge, setting aside a verdict as against evidence, will be reversed only for abuse of discretion to the prejudice of justice.

(Syllabus by the Court.)

Appeal from trial term.

Action by John Horan against the Central Park, North & East River Railroad Company for personal injuries. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

W. A. Purrington, for appellant.

H. A. Robinson, for respondent.

PRYOR, J. The cause is here after a second trial, the first having resulted in a disagreement of the jury. On the trial under review, the verdict was for the plaintiff, but the court set it aside pursuant to a motion on the minutes; and this with briefs before him, and after very deliberate reflection. Shall we reverse the order of the learned trial judge,—an order embodying his considerate judgment, formed, not only upon a critical review of the evidence, but under the impression of the demeanor of witnesses in delivering their testimony? It is a proverb with the profession that all witnesses look alike on paper. The thing that ascertains the value of testimony is mainly the manner of its delivery,—the apparent candor and sincerity of the witness, or his manifest simulation and dissimulation. Of this decisive test of truth the trial court has the full advantage, while we are without it. Hence the rule that, on appeals from orders giving or refusing new trials upon a claim that the verdict is against the evidence and the justice of the case, the decision of the trial judge is of the weightiest influence. Aldridge v. Aldridge, 120 N. Y. 614, 617, 24 N. E. 1022. Then, again, since his determination is controlled by no precise and absolute regulation of law, but must, of necessity, rest largely in discretion dependent on all the circumstances of the trial, an appellate court will reverse him only upon a plain abuse of that discretion. Barrett v. Railroad Co., 45 N. Y. 628; Algeo v. Duncan, 39 N. Y. 313; Slater v. Drescher, 72 Hun, 425, 25 N. Y. Supp. 153; Ferguson v. Gill, 74 Hun, 566, 26 N. Y. Supp. 596; Shearman v. Henderson, 12 Hun, 170; Bannon v. McGrane, 45 N. Y. Super. Ct. 517, 520; Langlois v. Hayward (Sup.) 13 N. Y. Supp. 200; Meddaugh v. Bigelow, 67 Barb. 106. Since, in a case of conflicting evidence, the trial judge may not

set aside a verdict "unless it involves a conclusion that shocks the judgment, or betrays misapprehension, or imports the bias of some sinister interest or disturbing passion" (Nelson v. Railroad Co. [Com. Pl. N. Y.] 28 N. Y. Supp. 50), we are to presume that the court proceeded upon these grounds in the order before us.

The question, then, is whether the case discloses an abuse of discretion, to the prejudice of justice, on the part of the trial judge in setting aside the verdict. The learned counsel for the appellant submits an argument of uncommon acuteness, but even his ingenuity fails in the effort to impart to the testimony of his client the indispensable element of credibility. The story he tells of the manner of his hurt "baffles belief." Kummer v. Railroad Co., 2 Misc. Rep. 298, 21 N. Y. Supp. 941. His testimony now is vitiated and invalidated by a confession of false swearing on the former trial. Morgenthau v. Walker, 2 Misc. Rep. 245, 21 N. Y. Supp. 936. With what semblance of reason may it be said that the court abused its discretion and perverted justice in setting aside a verdict founded on such evidence of such a witness? It is urged, however, that the plaintiff is corroborated in the essential fact by the testimony of O'Connell. But then O'Connell admits that, in identifying the car, he told a lie for the benefit of his friend, thus evincing a degree of interest in plaintiff's favor inconsistent with the character of a trustworthy witness. In striking contrast with the weakness of plaintiff's case is the strength of the defense. By the testimony of disinterested witnesses, in addition to that of its own servants, the company showed the cause of plaintiff's injury to be, not a fall from the car, but a collision with a passing truck. We cannot gainsay that conclusion of the learned trial judge that justice will be promoted by submitting the issues to another jury. If the plaintiff's case be honest, he need have no apprehension of defeat. Order affirmed, with costs and disbursements.