PAUL C. GRENING, Appellant, *v.* GEORGE MALCOM, Respondent.

*Statement that a case on appeal contains "all the testimony" — questions of fact not reviewed — granting or refusing motions for new trials discretionary — when the decision of the trial judge will not be interfered with.*

Where a case upon appeal has no statement that it contains all the evidence, the General Term is precluded from reviewing questions of fact, and the statement in the case that it "contains all the testimony taken on the trial of this action" is insufficient, and is not equivalent to the statement that the case contains all the evidence.

The mode of ascertaining the value of testimony is mainly by the manner of its delivery, the apparent candor and sincerity of the witness, or his manifest simulation and dissimulation. Of this decisive test of truth the trial court has full advantage, and on appeals from orders granting or refusing new trials, upon a claim that the verdict rendered by the jury is against the evidence and the justice of the case, the decision of the trial judge is of the weightiest influence.

The granting or refusal of a new trial on the minutes is largely a matter resting in the discretion of the judge who presided at the trial, and an order of a trial judge setting aside the verdict of a jury as against the evidence will be reversed on appeal only for an abuse of discretion to the prejudice of justice.

APPEAL by the plaintiff, Paul C. Grening, from an order of the Supreme Court, made at the New York Circuit and entered in the office of the clerk of the county of New York on the 17th day of May, 1894, setting aside the verdict of a jury and directing a new trial of the action.

*Richard T. Greene*, for the appellant.

*Edward D. Bettens,* for the respondent.

O'BRIEN, J.:

The action was brought to recover $9,919.50, the value of plaintiff's services rendered as a broker in obtaining for the defendant the sum of $150,000, which services consisted in promoting, organizing and perfecting a brewery company, and in negotiating and selling certain of its securities. The performance of some service was admitted, the value alone being placed in dispute, and upon this issue as to the value of such services the question was submitted to the jury. The jury found in plaintiff's favor for $7,000, which was then and there set aside and a new trial ordered. It is from this

order that the plaintiff has appealed, insisting that as there was no exception taken to the submission of the question, or motion made either to dismiss the complaint or for the direction of a verdict, the court could not set aside the verdict as contrary to law if there was any evidence to sustain it.

Upon the rule of law thus invoked the appellant confidently appeals to the evidence as furnishing sufficient basis for the amount of the verdict. In this connection, however, it is to be noticed that the case on appeal has no statement that it contains all the evidence, but only a statement that it "contains all the testimony taken · on the trial of this action." This is insufficient, it having been held that such a statement " is not equivalent to the statement that the case contains all the evidence, and in the absence of the latter statement the General Term is precluded from reviewing questions of fact. (*Randall* v. *N. Y. El. R. R. Co.*, 76 Hun, 427.) To avoid this question being presented to us again, and assuming that all the evidence most favorable to the plaintiff is contained in the case, we have examined it with a view of determining whether the appellant's position is correct in holding that it was reversible error in the trial court to set aside the verdict.

The testimony offered by plaintiff as to the character of his services and the value placed thereon by himself and his experts was neither satisfactory nor conclusive; and offset as it was by the two experts produced by the defendant, and the fact that upon a submission of this question of value to an umpire he fixed the amount at $1,500, it cannot be claimed that the judge erred in regarding the verdict awarded as excessive. As said in *Horan* v. *Central Park, etc.* (9 Misc. Rep. 68): "The thing that ascertains the value of testimony is mainly the manner of its delivery, the apparent candor and sincerity of the witness, or his manifest simulation and dissimulation. Of this decisive test of truth the trial court has the full advantage, while we are without it. Hence the rule that on appeals from orders giving or refusing new trials upon a claim that the verdict is against the evidence and the justice of the case, the decision of the trial judge is of the weightiest influence. (*Aldridge* v. *Aldridge*, 120 N. Y. 614, 617.) "

In addition to this case from which we have quoted, which is authority for the proposition that an order of the trial judge setting

aside a verdict as against the evidence will be reversed only for abuse of discretion to the prejudice of justice, we have another authority in the case of *Young* v. *Stone* (77 Hun, 395), wherein the cases are collated and discussed, and from which it will be found that the language employed in nearly all the cases relating to this subject is somewhat similar, in holding that the granting or refusing of a new trial on the minutes is largely a matter resting in the discretion of the judge who presides as the trial. Thus in *Barrett* v. *Third Ave. R. R. Co.* (45 N. Y. 632) it is said: "Motions to set aside verdicts as contrary to evidence, as well as motions for a new trial upon the ground of newly-discovered evidence, are not governed by any well-defined rules, but depend in a great degree upon the peculiar circumstances of each case. They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end."

Having regard to the discretion vested in the trial judge, and the testimony offered to support the verdict set aside, we do not think that there is any ground upon which to assert that such discretion has been abused.

The order accordingly should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., concurred in the result.

Order affirmed, with ten dollars costs and disbursements.