(20 Misc. Rep. 350.)

### KRAKOWER v. DAVIS et al.

(Supreme Court, Appellate Term. May 27, 1897.)

1. NEW TRIAL—DISTRICT COURTS—VERDICT AGAINST WEIGHT OF EVIDENCE.
   Under Laws 1896, c. 748, authorizing justices of the district courts of New York City to set aside verdicts on any of the grounds specified in Code Civ. Proc. § 999, a verdict may be set aside as against the weight of the evidence, since that ground is included in the term "contrary to the evidence," contained in said section 999.

2. SAME—NOTICE OF MOTION—WAIVER.
   The notice of a motion to set aside a verdict, required by Laws 1896, c. 748, being for the benefit of the adverse party, is waived, where the motion was made in his presence, and he did not object that the proper notice was not given.

3. SAME—SUFFICIENCY OF EVIDENCE.
   Plaintiff sued three defendants for services rendered to them jointly. Only one defendant answered, and he joined issue by a general denial, without alleging any special defense. Plaintiff's evidence supported the allegations of the complaint. Defendant testified that it was agreed that he should be liable for only one-eighth of plaintiff's claim. *Held*, that a verdict for plaintiff for only one-eighth of the amount sued for was properly set aside, as against the weight of the evidence.

Appeal from Second district court.

Action by Jacob Krakower against Wolf Davis, Betsie Wolf, and Abraham M. Levy. From an order granting a new trial on return of a verdict in favor of plaintiff, on the ground that such verdict was

against the weight of the evidence, defendant Levy appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Louis Manheim, for appellant.

Lippmann & Ruck, for respondents.

BISCHOFF, J. The plaintiff's claim was for commissions earned in a transaction involving the sale of certain real estate owned by the defendants as tenants in common, and the trial resulted in a verdict in his favor "for one-eighth of the commission claimed." This verdict was set aside at the time of its rendition, and a new trial was ordered, from which order the defendant Levy, the sole litigating defendant, appeals.

By virtue of the provisions of chapter 748, Laws 1896, the justice had power to set aside the verdict upon any of the grounds specified in section 999 of the Code of Civil Procedure, and thus his jurisdiction extended to the granting of a new trial because the verdict rendered was against the weight of the evidence, since this ground is included in the term "contrary to the evidence." Section 999, Code Civ. Proc.; McGowan v. Zenner, 24 Wkly. Dig. 80; Ferguson v. Gill, 74 Hun, 566, 26 N. Y. Supp. 596.

The first objection which the appellant raises to the validity of the order is based upon the fact that no notice of the motion was given, the order having been made directly upon the rendition of the verdict. The statute provides (Laws 1896, c. 748):

"Notice of such motion of not less than five days nor more than eight days shall be given to the adverse party or his attorney, within five days after the rendition of the verdict, or the entry of the judgment."

And it is contended that the justice was without power to make the order in question, because such notice had not been given. This statutory requirement of notice was for the adverse party's benefit only, and so could be waived by him (In re Cooper, 93 N. Y. 507); and his consent to the court's entertaining the motion, at the time when it was made, in his presence, was to be inferred from his failure to object upon the ground that insufficient notice had been given (Mayor, etc., v. Lyons, 24 How. Prac. 280), if, indeed, the statute is to be construed as calling for such notice where the motion is made upon the return of the verdict.

Next, the appellant claims that the motion, if properly entertained, was erroneously granted; and the merits of the case are thus presented so far as to call for our inquiry whether the justice's ruling that the verdict should be set aside was in abuse of the discretion which he was empowered to exercise. Grening v. Malcom, 83 Hun, 9, 31 N. Y. Supp. 612; Ferguson v. Gill, supra. When called upon to determine whether the granting of a new trial was or was not proper, the appellate court should give due consideration to the fact that the justice had peculiar facilities for determining as to the weight to be accorded to particular testimony, since the witnesses were present before him, as well as before the jury, when testifying; and a reversal of such an order must proceed upon the ground that

there was clearly an improper exercise of the discretionary power ex-
isting for the purposes of the matter.   16 Am. & Eng. Enc. Law, pp.
.516–518;  Grening v. Malcom, supra.

Without entering into the question of the value of certain testi-
mony in this case, in so far as opposed to other testimony, it is ap-
parent to us that the verdict was against the evidence in any aspect.
The plaintiff's claim was for $150, representing the agreed compen-
sation for his efforts in securing a purchase of the defendants' prop-
erty, and the evidence shows that this was the amount agreed upon.
By his answer the appellant generally denied all the essential alle-
gations of the complaint, but at the trial his evidence tended to show
an agreement with the plaintiff whereby he was to pay but one-
eighth of the commission, this being commensurate with his inter-
est in the property.   The issue in the case, however, was with regard
to the right of the plaintiff to recover against all the defendants for
the amount of his claim; and, while the appellant might have re-
sisted the imposition of liability, as against himself, jointly with his
co-defendants, because of the alleged special agreement whereby his
obligation was made several and distinct, no such defense was inter-
posed by him, and the case was submitted to the jury for their de-
termination as to the extent of the plaintiff's demand against all
three defendants, if he were entitled to a recovery at all.   The proof
in the case may have been sufficient to support a finding in favor of
the defendants, but no basis was furnished for the verdict rendered,
"for one-eighth of the commission claimed," since the plaintiff's re-
covery could only have been for the full commission, if based upon
the evidence.

Issue was joined upon the plaintiff's claim, as alleged, and the
proof justified a recovery by the plaintiff for the amount of commis-
sions agreed upon with him by the defendants.   If the appellant
was indebted for but a small fraction of this amount by special agree-
ment, he was not a proper party defendant to this action; but this
was not the position taken, and the verdict rendered, as against all
the defendants, was inadequate.

Order affirmed, with costs.   All concur.