Decided 26 June, 1899.

## SERLES *v.* SERLES.

[57 Pac. 634.]

35   289
36   458
36   484

35   289
41   113

1. RECORD OF DEED AS EVIDENCE — INFERENCE OF DELIVERY.— Under Hill's Ann. Laws, § 3028, permitting the record of a deed to be read in evidence, such record is admissible to show title, whether there was evidence of its delivery or not, it being inferable from its execution and acknowledgment.

2. DUTY OF COURT IN DETERMINING MOTION FOR NEW TRIAL.—In passing on an application for a new trial it is the duty of the judge to weigh the whole case, and, if it then appears that the verdict is against the clear weight of the evidence, or that the jury has acted unreasonably or from improper motives, or has been misled or misdirected, a new trial should be granted.

From Union :    ROBERT EAKIN, Judge.

This is an action by W. L. Serles against Clara Serles, S. C. Zuber, and John Hough, to recover damages for trespass in detaching and removing a dwelling house from the realty of the plaintiff.    The verdict of the jury was for plaintiff in the sum of $400, and against the defendants Serles and Zuber, and, judgment having been entered thereon, they appeal.    At the trial of the cause plaintiff offered in evidence the record of a deed to the real property upon which the dwelling was situate, showing title in him, to which an objection was interposed upon the ground that plaintiff's title to said real property was denied by the answer.    This was overruled, and the record admitted.    There was further testimony tending to show that the defendants, and each of them, were instrumental in the removal of the house from plaintiff's lot to another locality ;    that the value of the house was about $400 ;    that plaintiff's father had collected the rents thereon ;    and that the lot was damaged by the removal in the sum of $25.    Upon this evidence the plaintiff rested his case, and the defendants moved for a non-suit, which was disallowed.    Thereupon the defendants offered evidence tending to show that the defendant

Clara Serles was the wife of A. J. Serles, now deceased, the father of plaintiff, and that the house in question was constructed while they were living together, but with Clara's money; that the understanding between them was that the house should be and remain her sole property, notwithstanding the title to the lot stood in the name of plaintiff, and that upon this understanding Clara allowed and permitted her means to be used and employed in its construction; and that she was the owner thereof. This, together with other testimony, showing admissions of the deceased, Serles, to the same purpose, was introduced, and constituted the principal evidence upon the part of the defendants. After the rendition of the verdict, the defendants interposed a motion to set it aside, and for a new trial, based upon several grounds: First, that of newly discovered evidence; second, excessive damages; and, third, that the evidence was insufficient to warrant the verdict,—that the verdict is against the evidence, is not justified thereby, and is contrary to law. This motion was overruled, the court saying: "The question of whether the verdict is a proper one upon the evidence is not now involved, only to the extent as to whether there was any evidence to support it, and there is no doubt that there was, and the court cannot review their decision upon the preponderance of the evidence." REVERSED.

For appellants there was an oral argument by *Mr. F. S. Ivanhoe.*

For respondent there was a brief over the names of *J. Marion Carroll* and *B. F. Wilson*, with an oral argument by *Mr. Carroll.*

Mr. Chief Justice Wolverton, after stating the facts, delivered the opinion of the court.

1.    It is first insisted that, as there was a denial of title, it became necessary for the plaintiff to prove ownership, and that, in order to prove title by deed, it was necessary to show its delivery.    But a delivery may be inferred from circumstances.    Thus, the signing, attested by witnesses, the acknowledgment of the grantor, and the recording of the deed, have been considered full *prima facie* evidence of delivery :    *Rigler* v. *Cloud*, 14 Pa. St. 361 ;    *Jackson* v. *Perkins*, 2 Wend. 308 ;    *Younge* v. *Guilbeau*, 70 U. S. (3 Wall.) 636.    It was entirely proper, under Section 3028, Hill's Ann. Laws, to admit the record of the deed in evidence.    That section provides that a record of a conveyance, duly recorded, or a transcript thereof, duly certified by the county clerk, may be read in evidence in any court of this state, but the effect of such evidence may be rebutted by competent testimony.    This view of the law is sustained by *Stanley* v. *Smith*, 15 Or. 505 (16 Pac. 174).    The objection to the record, as shown by the bill of exceptions, is that the alleged title to said real property in the plaintiff is denied by defendants ;    but it is now urged that the record of the deed is not in itself evidence of delivery, and, therefore, that the court erred in admitting it. Whether it was evidence of the delivery of the deed or not, the record was competent to show its execution and acknowledgment, if for no other purpose.    The theory upon which the plaintiff proceeds is that, the title to the lot being in him, the title to the house was also in him, because, being attached to the lot, it was considered to be real property ;    and this must be conceded, unless rebutted in some way.    It follows, therefore, that the record was rightly admitted for the purpose of showing

title ; and, inasmuch as there was sufficient evidence upon which to put the case to the jury, there was no error in overruling the motion for nonsuit.

2.   It is strenuously urged, however, that the court below decided the motion for a new trial upon an erroneous principle of law, in this :   That it was governed, as is shown by its written opinion, by the idea that, if there was any evidence in the record to support the verdict, it was without power to disturb the same or set it aside ; whereas, it is insisted that it is the duty of the court, in the consideration of the motion for a new trial, based upon the insufficiency of the evidence, to weigh all the evidence submitted to the jury, and if, upon the whole case, the verdict appears to be against the weight of evidence and is manifestly unjust, to allow the motion. The trial judge seems to have assimilated the ground for granting a new trial to that which is proper in support of a motion for a nonsuit, and hence his conclusion that, if there was any evidence to support the verdict, it was his duty to uphold it.   It is a rule of law, well established in this jurisdiction, that a motion for a nonsuit is in the nature of a demurrer to the evidence, and it not only admits all that the evidence proves, but all inferences that might be legitimately drawn therefrom tending to prove a fact under the issues ; and, if there is any evidence offered from which such an inference could be drawn, it is the duty of the court to permit it to go to the jury, as the motion is a test of the competency of the evidence to prove the fact to which it is directed. And the question is, upon such motion, whether there is any evidence tending to prove the material allegation upon which the cause of action is based, and this is one of law.   But whether a given amount of evidence is sufficient to sustain an allegation is a question of fact for the jury ; so that, if there is any evidence tending

to prove a given fact, it is the duty of the court, upon the motion for nonsuit to permit it to go to the jury, and to take their verdict touching it : *Vanbebber* v. *Plunkett*, 26 Or. 562 (27 L. R. A. 811, 38 Pac. 707), and cases therein cited.

Under the statute (Hill's Ann. Laws, § 235, subd. 6), the court is authorized to set aside a verdict and grant a new trial for "insufficiency of the evidence to justify the verdict or other decision, or that it is against law." This statute does not appear to have received any direct construction by this court ; but there are authorities elsewhere pertinent to the inquiry, and they leave no doubt but that, in passing upon the sufficiency of the evidence to support the verdict, the trial court is authorized to weigh and consider all the evidence which has been submitted to the jury, and if it is ascertained that the verdict is against the clear weight thereof, or is one that is manifestly unjust, or that reasonable men would not adopt or return, to set it aside and grant a new trial. A similar statute has received express construction by the Supreme Court of the United States in the case of *Metropolitan R. R. Co.* v. *Moore*, 121 U. S. 558 (7 Sup. Ct. 1334). It was there held that the language used in the statute, which gave a right to set aside the verdict for insufficient evidence, was not to be limited to its insufficiency in point of law, but that it extended also to its insufficiency in point of fact. Such evidence is said to be insufficient in law only where there is a total absence of proof, either as to the quantity or kind, or from which no inference could be drawn in support of the fact sought to be established. But insufficiency in point of fact may exist where there is no insufficiency in point of law ; that is, there may be some evidence to sustain every element of the case, competent both in quantity and quality under the law, and yet it may be met by countervailing proof so potent and

convincing as to leave no reasonable doubt of the opposite conclusion. So it is that, upon a review of the whole evidence, the testimony in support of the cause of action or defense may be so slight, although competent in law, or the preponderence against it may be so convincing, that a verdict may seem to be plainly unreasonable and unjust; and in many cases it might be the duty of the court to withdraw the case from the jury, or to direct a verdict in a particular way, yet in others, where it would be proper to submit the case to the jury, it might become its duty to set aside the verdict and grant a new trial. The statute of the District of Columbia, which was under consideration, was evidently taken from the New York practice act; and the court in *Metropolitan R. R. Co.* v. *Moore,* 121 U. S. 558 (7 Sup. Ct. 1334), seems to have followed the New York decisions, upon the principle that, where one jurisdiction adopts the statute of another state or jurisdiction, it also adopts the construction given such statute by the courts of the latter jurisdiction. See *Algeo* v. *Duncan,* 39 N. Y. 313. In *Slater* v. *Drescher,* 72 Hun, 425 (25 N. Y. Supp. 153), it is said that an objection to the verdict, because it was against the weight of evidence, means the same thing as if it had been based upon the insufficiency of the evidence to support it. The Ohio statute is substantially the same as our own, and it is there held that the court, by force thereof, may grant a new trial where the verdict is "against or contrary to the weight of the evidence:" *Weaver* v. *Columbus, S. & H. V. Ry. Co.,* 55 Ohio St. 491 (45 N. E. 717).

The California statute is in the exact language of ours, and the courts of that state, from the time of their earliest cognizance of the statute, have construed it as conferring the power to weigh the evidence and determine its sufficiency; and that if, upon the whole, the judge is

satisfied that the verdict is against the indubitable pre-
ponderance or clear weight of evidence, or is unjust, or
such as reasonable men would not return under the cir-
cumstances of the case, he is authorized, in his discre-
tion, to set it aside, which discretion is not subject to
review by the supreme court, except for an abuse thereof :
*Hall* v. *The Emily Banning*, 33 Cal. 522.     So, it was said
in *People* v. *Lum Yit*, 83 Cal. 130 (23 Pac. 228), that it
was the duty of the judge to grant a new trial if he is
not satisfied that the evidence as a whole was sufficient
to sustain the verdict.     And in *People* v. *Knutte*, 111 Cal.
453 (44 Pac. 166), the court, speaking through VAN
FLEET, J., says :  "The case was argued here by both
parties upon the assumption that the new trial was
granted upon the ground that the evidence was deemed
insufficient to sustain the verdict ;  and, while no specific
ground is stated in the order of the court, it may be
safely taken, from the court's action in advising the jury
to acquit, that this assumption of counsel is correct.
*    *    *   While it is the exclusive province of the jury
to find the facts, it is nevertheless one of the most im-
portant requirements of the trial judge to see to it that
this function of the jury is intelligently and justly exer-
cised.     In this respect, while he cannot competently
interfere with or control the jury in passing upon the
evidence, he nevertheless exercises a very salutary super-
visory power over their verdict.     In the exercise of that
power, he should always satisfy himself that the evidence
as a whole is sufficient to sustain the verdict found, and,
if in his sound judgment it is not, he should unhesi-
tatingly say so, and set the verdict aside."     See, also,
*Lorenzana* v. *Camarillo*, 41 Cal. 467 ;    *Kile* v. *Tubbs*, 32
Cal. 332, 339 ;    *Oullahan* v. *Starbuck*, 21 Cal. 413 ;    *Wal-
ton* v. *Maguire*, 17 Cal. 92.

It must be understood, of course, that a mere dissatis-

faction of the judge with the verdict is not sufficient ground for disturbing it, but the court must exercise its judgment in each particular case, and if, from all the testimony given the jury, it is satisfied that the verdict is against the clear weight or preponderance of evidence, or that the jury has acted unreasonably in returning the verdict, or has been misled or misdirected, or has acted through improper motives, it is the duty of the court to set it aside and grant a new trial: *Wright* v. *Southern Express Co.*, 80 Fed. 85, 93 ; *Mt. Adams, etc. Ry. Co.* v. *Lowery*, 20 C. C. A. 596, 74 Fed. 463, 477. There may be sufficient evidence to go to the jury to make a *prima facie* case, yet there may be opposing evidence so strong, palpable, and overwhelming as to dissipate any reasonable idea that the *prima facie* case should prevail ; or the case as first made may be so strong, and the countervailing testimony so weak and unsatisfactory, as to preclude an honest and rational judgment against the case first made. In either case, if the jury should disregard the better showing, it would plainly be the duty of the court to interpose, upon motion for a new trial, and set the verdict aside ; and this is the rationale of the statute, in providing that the verdict may be set aside for insufficiency of evidence.

Mr. Justice BREWER has laid down what seems to us to be the proper rule for the guidance of the trial judge, in *Kansas Pac. Ry. Co.* v. *Kunkel*, 17 Kan. 172. He says : "The one [the trial judge] has the same opportunity as the jury for forming a just estimate of the credence to be placed in the various witnesses, and, if it appears to him that the jury have found against the weight of evidence, it is his imperative duty to set the verdict aside. We do not mean that he is to substitute his own judgment in all cases for the judgment of the jury, for it is their province to settle questions of fact ; and when the

evidence is nearly balanced, or is such that different minds would naturally and fairly come to different conclusions thereon, he has no right to disturb the findings of the jury, although his own judgment might incline him the other way.   In other words, the finding of the jury is to be upheld by him as against any mere doubts of its correctness.   But when his judgment tells him that it is wrong; that, whether from mistake, or prejudice, or other cause, the jury have erred, and found against the fair preponderance of the evidence,—then no duty is more imperative than that of setting aside the verdict, and remanding the question to another jury.''

We think the court in the case at bar proceeded upon an erroneous principle of law in limiting its inquiry to ascertaining whether there was any evidence from which the jury might infer the facts which were attempted to be proven.   It should have gone further, and weighed the evidence in accordance with the principles hereinbefore enunciated : *Larsen* v. *Oregon Ry. & Nav. Co.*, 19 Or. 240, 247 (23 Pac. 974); *State* v. *Billings*, 81 Iowa, 99 (46 N. W. 862); *City of Tacoma* v. *Tacoma Light & Water Co.*, 16 Wash. 288 (47 Pac. 738); *Hawkins* v. *Reichert*, 28 Cal. 534; *Dickey* v. *Davis*, 39 Cal. 565; *Bennett* v. *Hobro*, 72 Cal. 178 (13 Pac. 473); *Reid* v. *Young*, 7 App. Div. 400 (39 N. Y. Supp. 899); *First Nat. Bank* v. *Wood*, 124 Mo. 72 (27 S. W. 554).   The defendants were entitled to have their motion for a new trial passed upon in pursuance of correct principles of law, and, the trial court having failed in this, the cause will be remanded, with directions to determine the motion under the rules herein announced.   The cumulative character of the newly-discovered evidence renders defendants' position upon the first ground untenable ; and, as it pertains to the second, viz., that the damages assessed are excessive, that was a matter within the dis-

cretion of the trial court. By anything we have said in
this opinion it is not intended to indicate in any manner
our impressions touching the weight of the evidence
submitted to the jury, and the court below, having seen
the witnesses and observed their manner, must act
entirely upon its own judgment in passing upon the
motion.                                          REVERSED.

Decided 10 July, 1899.