### H. B. SCHARMANN & SONS v. BARD.

(Supreme Court, Appellate Division, Second Department.   April 19, 1901.)

1. SETTING ASIDE VERDICT WITHOUT NOTICE—OBJECTION WAIVED.

> Where a verdict is set aside, on its rendition, by the court, without motion, because in disregard of the instructions, the error in setting aside the verdict without notice to the adverse party is waived by a failure to object on that ground.

2. SAME—DISREGARD OF TECHNICAL ERRORS—STATUTE.

> Under Code Civ. Proc. § 3063, providing that on an appeal from a justice court the appellate court shall render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits, the appellate court will disregard the error of a justice of the municipal court in setting aside a verdict without stating in the order entered thereon the grounds upon which it was granted, where such verdict was rendered in disregard of the justice's instructions, and against the weight of the evidence.

Appeal from municipal court of city of New York.

Action by H. B. Scharmann & Sons against Moses Bard.   From an order of the judge of the municipal court of the city of New York setting aside a verdict in favor of the defendant, he appeals.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Abram S. Jaffer, for appellant.

Frank H. Vogt, for respondent.

HIRSCHBERG, J.   The action is brought on a promissory note made by the defendant, dated April 16, 1900, by which the defendant, for value received, promised to pay the plaintiff, on demand, the sum of $650.   The plaintiff is a corporation engaged in the manufacture and sale of beer, and the money secured by the note was advanced by it to pay the license fee for a liquor tax certificate to enable the defendant to carry on business for the period of one year from May 1, 1900.   The evidence clearly establishes that the arrangement made at the time the money was advanced and the note given was that the defendant should buy beer from the plaintiff during the year, and that he should pay one-half of the note, or $325, in sums of $13 each every two weeks.   The remaining one-half of the amount secured by the note was to be remitted by the plaintiff, in consideration of the sale to defendant of the beer which the latter might require in the conduct of his business.   On the trial the defendant claimed that there was no agreement for a year, but that he was to be permitted to discharge the note by the payment of $13 every two weeks, either for the year or until he sold out the business, and that, if he saw fit to sell out his business at any time during the year, he could cancel the note by them surrendering the license for the plaintiff's benefit.   He did sell out the business on July 29, 1900, having then paid the plaintiff the sum of $65 in installments of $13 every two weeks up to that time; and the plaintiff received in addition from the state authorities the unearned license fee of $433.33 on surrender of the certificate, amounting in all to $498.33 admitted credit upon the note.   The plaintiff sued to recover the balance, viz. $151.67.

The case was submitted to the jury in a charge that the only question in dispute was whether the defendant was entitled to an additional deduction of $65, being a rebate equal to the amount which he had actually paid; and this depending upon whether the jury adopted the plaintiff's theory that the contract was for a year, or the defendant's theory that it terminated on a sale of the business. The jury was instructed, in effect, to render a verdict for the plaintiff in any event,—for the whole sum claimed if they believed the plaintiff's witnesses, and for $65 less if they believed those examined on behalf of the defendant. The instructions given by the justice were correct, upon the proof, but were disregarded by the jury. A verdict was rendered in favor of the defendant, which the justice set aside at once, and directed that a new trial be had on a day then designated. The appellant claims that the verdict could only be set aside upon five days' notice, pursuant to chapter 748 of the Laws of 1896, amending the consolidation act (chapter 410, Laws 1882), and included in the provisions of section 1369 of the Greater New York charter (chapter 378, Laws 1897). If the statute is to be construed as calling for such notice where the verdict is set aside upon its rendition, which I seriously doubt, especially where it is done by the court for disregard of its instructions, and accordingly without motion, the right to notice is certainly waived by a failure to object upon that ground. Krakower v. Davis (appellate term) 20 Misc. Rep. 350, 45 N. Y. Supp. 780, and cases cited. The order does not recite the grounds upon which it was granted, as apparently required by the statute, and as certainly required when made on notice after judgment, and where the order not only sets the verdict aside, but also vacates or modifies the judgment entered thereon. The objection in this instance is purely technical, not affecting the merits; and as it clearly appears that the ground of the justice's action was the disregard of his instructions by the jury, and as a judgment upon the verdict could not be supported, we must disregard the error, if it be one, under section 3063 of the Code of Civil Procedure.

The order is affirmed, with costs. All concur.