BAUER v. MONTAGUE MAILING MACH. CO.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

1. NEW TRIAL (§ 72*)—VERDICT—VACATION—AUTHORITY OF TRIAL JUDGE.

It is the duty of the trial judge to scrutinize the evidence given by the witnesses, considering the way in which it is given and the interest of the witnesses, and to set aside the verdict as against the weight of evidence, if he believes that substantial justice has not been done.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

2. APPEAL AND ERROR (§ 1015*)—ORDER SETTING ASIDE VERDICT—REVIEW.

An order setting aside a verdict as against the weight of the evidence will not be reversed on appeal, unless the proofs are so strong in favor of the verdict that the appellate court can say with a reasonable degree of certainty that the conclusion of the trial court was erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3876; Dec. Dig. § 1015.*]

3. NEW TRIAL (§ 72*)—VERDICT—VACATION—WEIGHT OF EVIDENCE.

Where, in an action for injuries to a servant, plaintiff's testimony alone was the only basis for a verdict in his favor, and was opposed by the evidence of three unimpeached and apparently credible witnesses, whose testimony was unshaken on cross-examination, an order setting aside the verdict as against the weight of the evidence was proper.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

Appeal from Special Term, Kings County.

Action by Fred Bauer, an infant, by Jacob Bauer, his guardian ad litem, against the Montague Mailing Machinery Company. From an order granting defendant's motion to set aside the verdict for plaintiff, he appeals. Affirmed.

See, also, 157 App. Div. 934, 936, 142 N. Y. Supp. 1108.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

Adolph Feldblum, of Brooklyn, for appellant.
John G. Pheil, of New York City, for respondent.

PER CURIAM. Plaintiff, a 16 year old boy, on the second day that he was working in defendant's shop, had his hand hurt in a stamp press. His duty had been, at the rear of the machine, to take up the stamped plates or discs as they came down in a chute from the press, and wipe off the lubricant and then pack them in boxes. In the afternoon of October 3, 1910, while the press operator temporarily left his place, plaintiff stepped around to the front of the press, and was hurt while attempting to get the discs out that had been jammed under the die. The issue was whether he was meddling with this machine against orders, or if the operator had sent him to work the press. Plaintiff, who had no other witness, denied that he had ever been warned against running the machine, and maintained that as the operator was leaving he had called him around to run the machine. Plaintiff admitted that he had not been instructed at all in its operation. After plain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff had been hurt, he was heard by three witnesses to say it was his own fault, and to one witness that he had no business monkeying with the machine. The operator denied that he sent plaintiff to run the press; indeed, he stated he had refused such permission. The jury returned a verdict for plaintiff, which afterwards the court set aside, stating that he was convinced plaintiff had been told not to touch the machine; also that the court, recalling the manner in which the witnesses testified, had not changed his original feeling that the verdict was against the weight of the evidence.

[1] Appellant here argues that the credibility of the plaintiff was for the jury, so that, even if the court disbelieved his testimony, the verdict should stand. But juries may be led into error, not alone from partiality or bias, but from the suggestive arts of advocates. The trial judge must therefore scrutinize what is said, and how it is told, in view of the interest of the witnesses, so that the verdict shall do substantial justice. Ferguson v. Gill, 74 Hun, 566, 26 N. Y. Supp. 596. This power is necessary, and its exercise so salutary that no rules have been declared rigidly defining the conditions of granting a new trial.

[2] The action of the trial court, with the witnesses before him, must be deferred to by a reviewing court, which can only read their testimony in print. To warrant reversal of such an order, the proofs must be so strong in favor of the verdict that we can say, with a reasonable degree of certainty, that the trial court's conclusion was wrong. Aldridge v. Aldridge, 120 N. Y. 614, 24 N. E. 1022.

[3] Plaintiff was opposed by three witnesses for defendant, who were unimpeached and apparently credible, and whose cross-examination left them unshaken. Hence we cannot say that the learned judge erred in rejecting such a verdict. It seems lately to be urged that a contention of fact, though improbable, if believed by a jury, should be upheld, regardless of the weight of adverse testimony. This may be the rule where the evidence is so balanced that the jury could fairly draw differing conclusions. An uncorroborated plaintiff, interested in his personal recovery, is not on a parity with the witnesses called against him; and his testimony, given with the obvious motive to make out liability, is not controlling, if the court, who listens and observes his story, feels that a verdict based thereon would defeat the ends of justice.

The order should be affirmed, with costs.